Western and Atlantic Railroad vs. King

WESTERN AND ATLANTIC RAILROAD vs. KING.

1. A railroad company is liable for any damage done to persons, stock or other property by the running of its trains, unless the company shall make it appear that their agents exercised all ordinary and reasonable care and diligence to prevent such damage; but where, in an action for killing a horse, the court, after charging this principle, added, "that is, might say, a full measure of care and diligence—all that could be expected," such charge was error; the effect of it being to require extraordinary diligence of the company.

2. Negligence is a question for the jury alone; and for the judge to instruct them that if the law provides that the trains shall run a certain speed, and they were running above that speed, it was negligence, was error.

April 10, 1883.

Railroads. Damages. Negligence. Diligence. Before Judge FAIN. Gordon Superior Court. August Term, 1882.

Mrs. King brought suit for damages against the Western and Atlantic Railroad for killing a horse and destroying a buggy.   The case originated in a justice's court, but was carried to the superior court by appeal.   On the trial, the plaintiff contended that the train of the defendant had run against the horse and buggy at a road crossing, killing the horse and demolishing the buggy.   The defendant contended that the horse had become fr'ghtened and ran away, and that the train happening to be passing the road crossing at the time, the horse ran into it without fault on the part of the defendant.   There was conflicting evidence as to speed of the train, etc., not necessary to set out in detail.   The jury found for the plaintiff.   Defendant moved for a new trial on various grounds, the only material ones being set out in the decision.   The court overruled the motion, and defendant excepted.

A. N. STARR; R. J. McCAMY, for plaintiff in error.

W. R. RANKIN; E. J. KIKER, for defendant.

CRAWFORD, Justice.

The refusal of the court below to grant a new trial, upon the grounds set out in the motion therefor, brings the case to this court.

1. The first ground of the motion is, that the judge erred in charging the jury as follows : " If you find from the testimony, that the cars or machinery of the company caused this injury, the burden is then changed, and it is upon the company to show that their agents or employés in ,charge of the train, exercised all reasonable, and ordinary care and diligence, that is, might say, a full measure of care and diligence, all that would be expected."

By §3033 of the Code, it is declared that a railroad company shall be liable for any damage done to persons, stock, or other property by the running of their trains, unless

the company shall make it appear, that their agents have exercised all ordinary and reasonable care and diligence to prevent such damage. Section 2061 defines ordinary diligence to be that care which every prudent man takes of his own property ; and §2062 that extraordinary diligence is that extreme care and caution which very prudent and thoughtful men use in securing and preserving their own property.

Looking at the charge of the court in the light of the statutory duty put upon the company, it will be seen that the judge required more of it than the law imposes. Had the instructions ceased on that point after telling the jury that the company was bound to exercise all reasonable and ordinary care and diligence, they would have been in exact harmony with the statute. But when he added, by way of explanation, "that is, might say, a full measure of care and diligence, all that could be expected," he undoubtedly erred. A full measure of care and diligence, all that could be expected, could, in no reasonable view, be held to be less than extraordinary diligence ; and this is more than is required by law.

2. The next ground of the motion which we notice is that the judge charged the jury, " If, also, the law provides that they shall run at a certain speed, and they were running above that speed, it would be negligence." This court has repeatedly ruled that negligence was a question alone for the jury, and that for a judge to instruct them what was, or was not negligence, was error. The legal principle upon which this rule rests is so clearly stated by Harris, J., in the case of *Wright vs. The Georgia Railroad and Banking Company*, 34 *Ga.*, 337, that we reproduce it here; he says: " The jury alone have the right of the determination of this question. It is a complex and difficult matter, often, to decide, as many considerations enter into it; and rarely any fact, of itself, is sufficient to establish it clearly. If it had been a fact proved, that the axle was too short, still, beyond that was necessary the testimony of some

expert or persons familiar with the running of cars, to show that that was the cause of the accident; certainly the judge has no right to determine what constitutes negligence."

As there has been no departure from, or modification of this rule, we hold that the charge complained of was error, and that the new trial should have been granted in this case.

Judgment reversed.