## HARDEE *v.* LOVETT.

1. The act of 1889 touching the mode of bringing cases to the Supreme Court, being the only statute now of force on the subject, must be complied with. It confers no authority for bringing up the whole record at the instance of the plaintiff in error. He can bring up such parts only as are specified in the bill of exceptions. To designate the whole record, in general terms, as material, is no specification of the parts.
2. Without the required specification, the bill of exceptions cannot be duly certified by the judge nor the transcript be duly authenticated by the clerk. It follows that the specification cannot be supplied or enlarged by amending the bill of exceptions in the Supreme Court.

June 2, 1890.

Practice in Supreme Court.

Reported in the decision.

PERRY & DEAN and HARRISON & PEEPLES, for plaintiff in error.

D. W. ROUNTREE, H. THOMPSON and W. S. PICKRELL, by J. H. LUMPKIN, *contra.*

BLECKLEY, Chief Justice.

The act of November, 1889 (pamph. acts 1889, p. 114), which went into effect on the first day of January, 1890, declares "That no case shall be taken to the Supreme Court by bill of exceptions, except in the following manner." It then goes on to provide, first for cases in which motions for a new trial are not to be reviewed, and, secondly, for cases in which such motions are to be reviewed. In both classes of cases, it requires the plaintiff in error to specify in the bill of exceptions such parts of the record as are material to a clear understanding of the errors complained of; the exact language being, in respect to the former class, that he "shall specify therein such portions of the record as are material to such understanding," and in respect to the latter class, that is, where motions for a new trial are to be reviewed, that he "shall specify only so much of the brief of evidence and such other parts of the record as are material to a clear understanding of the errors complained of." The form prescribed for the judge's certificate to the bill of exceptions contains a direction to the clerk "to make out a complete copy of such parts of the record in said case as are in the bill of exceptions specified, and certify the same as such." This certificate, under our system, is the writ of error, and is the only authority which the clerk has for certifying and sending to this court, at the instance of the *plaintiff* in error, anything whatever as a copy or transcript from the record. The act above cited has a provision for

sending up the whole record at the instance of the *defendant* in error, but at his expense if he should use his privilege needlessly or unnecessarily.

1. The present case is one in which there was a motion for a new trial made by the defendant below, and the language of the bill of exceptions touching the record to be brought up is as follows : "The defendant in said case says and specifies that the entire brief of evidence and entire record are material to a clear understanding of the errors complained of." On the call of the case here a motion to dismiss the writ of error was made, upon the ground that the bill of exceptions fails to specify such parts of the record, other than the brief of evidence, as are material to a clear understanding of the alleged errors. Whether the motion should be granted or refused, turns upon the question whether saying the the whole record is material is equivalent to specifying only such parts of it as are material. It is obvious that the two things are not literally the same, for simply to mention a whole record is no specification of its parts or any of its parts. True, the whole includes all the parts, but where no part is specified it cannot be said either that some of the parts or all of them are *specified.* Are the two things, though not literally the same, equivalent in substance? This depends upon a comparison of the old law, the mischief and the remedy. The old law was (Code, §§4252, 4262), that in every case the whole record, no matter how useless parts of it might be, had to be sent up ; the transcript had to be complete. The mischief was, that this was attended with wasteful expense in the shape of costs, and with great waste of time and labor in the examination of transcripts by the members of this court. The files of the court are now burdened, no doubt, with hundreds of thousands of pages of manuscript for which the court had no manner of use in adjudicating upon the cases

disposed of. The labor even of glancing at and eliminating such a mass of irrelevant rubbish has been immense. To cull it all out and throw it into the trash-basket would occupy weeks and months, if not years. Surely a mischief involving immense losses of money and time is one of such magnitude as not only to justify but demand legislative intervention to correct it. The remedy devised by the legislature was the most wise and appropriate remedy which could have been selected, namely to restrict the transcript brought up to such parts of the record as counsel for the plaintiff in error could and would specify as material, and as the trial judge, after examining the specification made in the bill of exceptions, could certify truthfully and intelligently to be material. To apply and administer this remedy, requires thought and consideration directed to each and every part of the record separately and specifically, first by the counsel who prepares the bill of exceptions, and next by the judge who signs and certifies it. At all events, the judge, before he can certify so as to comply with the spirit and intention of the act, must assure himself that the parts of the record which are specified to be sent up are all material, and that none of the record omitted is material. And so fully does the act provide for carrying out its purpose that it authorizes the judge to alter the bill of exceptions so as to make it conform to truth. Should it specify a part of the record not material, that part is to be stricken out; should it omit to specify some part which is material, that part should be inserted. But there is no longer any system of looking at the record as a whole, with no separation of it into parts, and treating the whole as material. The truth is that no case is likely to arise, in which the parts of a record are numerous and all of them material. Even where the parts are few, some of them will usually, if not

always, be immaterial. In the present case, a slight examination of the points made has shown us at once that the process, the entry of service, the request that the court charge in writing, all the written requests to charge so and so, and the whole charge of the court would be utterly useless. The declaration with the clerk's entry thereon of filing, the amendments to the declaration, the pleas and amendment thereto, the verdict, the motion for a new trial and verification thereof, the brief of evidence and the order overruling the motion would comprehend all the parts of the record that, by any possibility, could have aided this court to understand and adjudicate the errors complained of. It must be too manifest to require any insisting upon, that the method pursued in bringing up this case is not substantially different from that which prevailed under the prior law. If this writ of error is to be upheld, the new statute might as well not have been passed; for it would accomplish nothing, save where counsel thought proper voluntarily to comply with it. But such was not the intention of the legislature. The new mode is exclusive, and no other is available. It is not at the election of counsel whether they will designate the whole record to be brought up, or whether they will specify the parts of the same which are material. They have no choice in the matter, and ought not to have; because, for the remedy which the legislature has adopted to be efficient, it must be compulsory.

2. Under an intimation from the bench that the writ of error was not well-brought under the new act, counsel proposed, whilst the point was still under argument, to amend the bill of exceptions, and to make by such amendment the requisite specification of the parts of the record which are material. It is plain that this could not be done without an evasion of the law; for the act contemplates not that this court shall determine

what parts of the record are material, but that the judge certifying the bill of exceptions shall decide that question, and in order that he may decide it intelligently and truthfully, the act provides for putting the specification before his eyes, by inserting it in the bill of exceptions. To frame specifications now which the judge never saw and treat them as if he had certified them, would be a wide departure from the scheme of the act. Moreover, the clerk had no rightful warrant, under the statute, for certifying and sending to this court anything whatever as a transcript of the record, unless it might be, perhaps, the brief of evidence. In order for him to certify anything as a transcript, he is to look into the bill of exceptions and ascertain what parts of the record are there specified; if no parts are specified, he cannot determine what to select or what to reject, and as the law does not provide for his sending up the whole record, he is, in the absence of some specification of parts, without authority to send up any of it.

The motion to amend must be denied, and the writ of error is dismissed.　　　*Writ of error dismissed.*