ALEXANDER *v.* WILLIAMSON.

Where a bill of exceptions to the denial of a new trial fails entirely to conform to the act of November 11, 1889, prescribing the manner of bringing cases to this court, in that it does not specify the parts of the record material to a clear understanding of the errors complained of and does not mention the record at all, the judge cannot legally certify the same, nor has the clerk any authority for sending up any part of the record certified.

October 8, 1890.

Practice in Supreme Court.

Reported in the decision.

R. J. JORDAN, for plaintiff in error.
REID & STEWART, *contra*.

SIMMONS, Justice.

This case comes here upon a bill of exceptions which assigns as error the judgment of the court below refusing to grant a new trial. Section 2 of the act approved November 11, 1889, which prescribes the manner of taking cases to the Supreme Court (pamph. acts, p. 115), declares that "When a party desires to review the judgment of the court in granting or refusing a new trial, the plaintiff in error shall specifically set out the errors complained of, and shall specify only so

much of the brief of evidence and such other parts of the record as are material to a clear understanding of the errors complained of. The judge to whom such bill of exceptions is tendered shall, by any needful alteration, cause the same to conform to the truth and to refer to so much of the evidence and such other parts of the record as are material to a clear understanding of the errors complained of; and he shall cause the clerk to send up only so much of the evidence and other parts of the record as he may certify are material, except as hereinafter provided." The act further provides that "should the clerk below embody in the transcript of the record any part of the record not specified in the bill of exceptions or in the judge's order, he shall be allowed nothing for that part of the transcript."

Upon examination of the bill of exceptions in this case, it will be found that it fails entirely to conform to the provisions of the act. Instead of specifying the parts of the record material to a clear understanding of the errors complained of, it does not mention the record at all. The judge had no right to certify to such a bill of exceptions, nor did the clerk have any authority to attach any part of the record of the case to the bill of exceptions and certify to the same. The clerk can only send up such parts of the record as are specified in the bill of exceptions or in the judge's order. There being, therefore, no legal record in this case, we are compelled to dismiss the writ of error. *Hardee* v. *Lovett,* March term, 1890. 85 *Ga.* 620.

We do this less reluctantly because, from our examination of the grounds of error alleged in the motion for a new trial and the evidence set out in the bill of exceptions, we think the court did right in refusing to grant a new trial. *Writ of error dismissed.*