BRITTAIN v. GRIGGS et al.

1. Under the act of November, 1889, providing for bringing cases to this court, where the bill of exceptions, based on a refusal of the court to grant a new trial, specifies as a part of the record material to an understanding of the errors complained of " a statement of the oral evidence" of certain named witnesses, this specification will be construed as referring to the evidence of these witnesses as contained in a regular brief of evidence although the brief be not expressly mentioned, the judge's certificate to the bill of exceptions being in the prescribed form.

2. The bill of exceptions declaring that the motion for a new trial was overruled, and by fair implication disclosing that certain specific grounds set forth in the bill of exceptions were contained in the motion, neither the motion itself nor the order overruling it is indispensable to a hearing in the Supreme Court; and the judge having, in effect, certified that they are not necessary to a clear understanding of the errors complained of, his certificate to the bill of exceptions being in the prescribed statutory form, and neither of these documents being specified as parts of the record to be sent up, the writ of error will not be dismissed.

3. Where, in resistance to a distress warrant sued out for the rent of a hotel, the tenant recoups his damages resulting from failure of the landlord to furnish the hotel according to contract within the time agreed upon, and it appears from the evidence that the delay to completely furnish was at least twenty days, and probably one month and a half, and that the tenant has sustained actual damage therefrom, the amount of which is ascertainable from the evidence with reasonable approximation, a verdict in favor of the landlord for the whole amount of the rent claimed is contrary to law and without evidence to support it.      *Judgment reversed.*
December 28, 1891.

Practice in Supreme Court. Distress warrant. Recoupment. Damages. Verdict. Before Judge WELL-BORN. Habersham superior court. March term, 1891.

The plaintiffs obtained a distress warrant for $350 rent against the defendant. In his counter-affidavit he claimed that he did not owe the sum distrained for; and, by way of recoupment, that plaintiffs contracted to furnish the hotel (the house rented) complete by June 1, 1890, and "recommended" to him that when furnished it would accommodate at least one hundred boarders ; that

they did not put any furniture in until about the 15th of July, 1890 ; that if furnished complete the hotel would accommodate one hundred boarders, but with the furniture which was put in not more than eighty, all of which had damaged him $500 ; that he had bought office, dining-room and kitchen furniture, made repairs, etc., all of which plaintiffs had agreed to do and furnish, but would not until he was compelled to in order to use the hotel, which cost and thereby damaged him $100 ; that plaintiffs guaranteed the hotel to be self-supporting during the whole year, and that it would be crowded with boarders from the first of June to the last of September, and that he rented the hotel on these representations and this guarantee, believing them to be true, but during the twelve months he ran the hotel there were only three months that it paid expenses, and for the remaining nine months there was a deficit of $368 ; and that all of the amounts above mentioned, making $968, he pleaded as recoupment.

The plaintiffs obtained a verdict for the amount sued for, with costs. The motion for new trial and judgment overruling it are not specified in the bill of exceptions as portions of the record material to be transmitted to this court, though there is in the record transmitted what purports to be a transcript of a motion for new trial and the order overruling it, and there are in the bill of exceptions assignments of error based apparently upon that judgment. These assignments are, that the court erred in certain stated instructions to the jury, and in refusing a new trial upon the ground that the verdict was contrary to the evidence and was without evidence to support it. By the contract mentioned the plaintiffs rented to the defendant the hotel for the term of three years from December 1, 1889, provided defendant should promptly pay them the amount of the rent as it became due, defendant to have the use and full control of all

the furniture and fixtures in and belonging to the hotel. "The said Martha A. Houston and Mary P. Griggs to furnish the new addition to said hotel, complete by the first day of June next, 1890, and to add such furniture in the old part of said hotel so as to make the same complete, except bed and table linen. No bed covering to be furnished by the said Mary P. Griggs and Martha A. Houston, except what is now in said hotel."

Counsel cited Code, §§2943, 2946, 2947 ; 68 *Ga.* 190 ; 71 *Ga.* 506, 518, 587 ; 70 *Ga.* 263, 368 ; 61 *Ga.* 132, 297, 299.

J. J. Bowden and West & Edwards, for plaintiff in error.

C. H. Sutton and W. T. Crane, *contra.*

