### HARRIS *v.* THE STATE.

FISH, J. There was no merit in the motion for a continuance ; the evidence warranted the verdict, and it was not erroneous to refuse a new trial.
*Judgment affirmed. All the Justices concurring.*

Submitted July 15, — Decided July 18, 1901.

Indictment for assault with intent to rape.    Before Judge Russell.   Clarke superior court.    May, 1901.

*Shackelford & Shackelford,* for plaintiff in error.
*C. H. Brand, solicitor-general,* contra.

---

### PYNE *v.* THE STATE.

LITTLE, J. 1. When one who is dissatisfied with a judgment rendered in a trial court seeks to bring the same to this court for review by a bill of exceptions in which he does not specify as material any portion of the record, no part thereof should be sent to this court by the clerk of the trial court ; nor will the plaintiff in error be allowed in this court to amend his bill of exceptions by inserting therein a specification of a portion or of all of the record, and thus make valid an unauthorized act already committed by the clerk of the trial court in sending up a part or parts of the record. *Hardee* v. *Lovett,* 85 *Ga.* 620 ; *Alexander* v. *Williamson,* 86 *Ga.* 13.

2. Where a bill of exceptions contains a recital that a copy of a petition for certiorari is thereto attached, and no such copy is in fact attached to the bill of exceptions itself, and only appears in a transcript of the record improperly sent to this court in the manner above indicated, and where such bill of exceptions contains no assignment of error except the overruling of the certiorari, it is fatally defective, and does not properly present any question for determination by this court.

*Writ of error dismissed. All the Justices concurring.*

Submitted July 15, — Decided July 18, 1901.

*James M. Johnson,* for plaintiff in error.
*W. E. Thomas, solicitor-general,* contra.