DANIEL v. CENTRAL OF GEORGIA RAILWAY CO.

1. While the practice is deprecated, it is not a ground to dismiss a writ of error that the portions of the record material to a clear understanding of the issues involved are brought to this court in the bill of exceptions under the certificate of the trial judge, instead of being specified in the bill of exceptions and sent up as a separate transcript under the certificate of the clerk of the court below. SIMMONS, C. J., dissenting.
2. Under the evidence for the plaintiff, her husband, for whose homicide she sued, could by the exercise of the skill and diligence to protect himself required by law, have avoided the injuries which caused his death.  A judgment of nonsuit was therefore proper.

Argued November 26, — Decided December 12, 1903.

Action for damages.     Before Judge Lewis.     Morgan superior court.     March term, 1903.

*Turner & Adams* and *E. W. Butler,* for plaintiff.
*Dessau, Harris & Harris,* for defendant.

CANDLER, J.  1. Upon the call of this case in this court the defendant in error moved to dismiss the writ of error, the grounds insisted upon being, (1) that the plaintiff in error has attempted to embody the record in the bill of exceptions, contrary to law; (2) that there is no transcript of the record ordered sent up, which is contrary to law; (3) that the judge, in certifying the bill of exceptions, does not certify that no transcript is necessary.     Prior to the act of the General Assembly, " prescribing the manner of taking cases to the Supreme Court " (Acts 1889, p. 114), this mo-

tion would have been good.    But following the several decisions
of this court construing the act in question, and also the act ap-
proved December 22, 1892 (Acts 1892, p. 113), which had the
same general purposes in view, we are satisfied that to dismiss this
writ of error on the grounds set forth in the motion would be not
only to violate the letter, but to destroy the spirit of both these
acts.    The act of 1889 provides a plain and distinct manner for
bringing cases to this court, even giving a form for the certificate
of the trial judge.    Under the terms of that act, it seems to us
that the better practice would be to specify such parts of the rec-
ord as may be necessary for an understanding of the questions
which it is sought to have reviewed, and have the same sent to
this court under the certificate of the clerk of the court below.
This, indeed, is the almost universal practice of the bar of the State
at this time.    But while this is true, we can not hold that it is
illegal to set out in the bill of exceptions the material parts of the
pleadings and of the evidence introduced on the trial, with a re-
cital that at the conclusion of the evidence introduced for the
plaintiff the court on motion granted a nonsuit and dismissed the
plaintiff's case, the bill of exceptions then assigning error in due
form upon the order of the court granting a nonsuit.    What more
do we need for a clear understanding of the error complained of ?
The trial judge certifies that the bill of exceptions " contains all
of the record and all of the evidence material to a clear under-
standing of the errors complained of," and he also certifies in
terms to the truth of every allegation of fact made in the bill of
exceptions.    The plaintiff in error sets out his petition, that we
may see on what he relied for a recovery, and the answer of the
defendant, showing to what extent the petition was admitted and
wherein it was denied.    Then follows a brief of the evidence in-
troduced on the trial.    Thus, under the certificate of the judge,
we are easily enabled to determine whether, by admission or proof,
or admission and proof, the plaintiff's case as laid is made out.
If, in a given case, more of the record is needed than is set out
in the bill of exceptions or specified therein, it is made the duty
of this court to send to the clerk of the court below and have it
duly transmitted.    We are prohibited from dismissing any writ
of error, if the record contains enough to enable us to decide the
questions raised, or if we can by our own efforts secure enough to

enable us to understand them.   Such was the construction placed upon the Civil Code, § 5569, by Justice Lumpkin in the case of *Gregory* v. *Daniel*, 93 *Ga*. 795, in which case no part of the record whatever was specified in the bill of exceptions.

Speaking for myself, an examination of the act of 1889 leads me to the conclusion that it was not the legislative intention that parts of the record other than the brief of the evidence (which might or might not be so brought) be put into the bill of exceptions, but rather that it was in contemplation that such parts of the record as were material should be specified in the bill of exceptions and sent as a transcript by the clerk below to this court. But we are thoroughly committed to the proposition that record matter other than the brief of evidence may be set out in the bill of exceptions and certified to by the judge, and that when such is done the same matter is not to be brought up in a transcript of the record certified by the clerk.   In the case of *Brittain* v. *Griggs*, 88 *Ga*. 232, the bill of exceptions contained a statement that the motion for a new trial was overruled, and by fair implication disclosed the fact that certain specific grounds which were set forth in the bill of exceptions were contained in the motion.   This court refused to dismiss the writ of error.   In the case of *Burk-halter* v. *Oliver*, 88 *Ga*. 473, which was heard at the same term, the bill of exceptions contained a statement that a verdict was rendered in a certain amount against the plaintiff in error, and that a motion for a new trial was made and overruled; and error was assigned on the refusal of the court to grant a new trial on each ground of the motion, the language of each ground being quoted in the assignments of error.   A motion was made to dismiss the writ of error, on the ground that the verdict and the motion for a new trial were not specified as parts of the record to be sent up and were not embraced in the transcript of the record before this court.   In the opinion (p. 477) Chief Justice Bleckley said : " That certain facts, such as the amount of a verdict and the grounds of a motion for a new trial, appear of record, will not hinder the same facts from being stated in the bill of exceptions and verified by the certificate of the judge.   True, this could not be done under the prior law, and may not be the best practice under the act of 1889, but there is certainly nothing in that act which prohibits it, and the general spirit and policy of the act is to have no more of

the record brought up than is necessary." See also *Hawkins* v. *Americus*, 102 *Ga.* 790, where it is laid down that a writ of error will not be dismissed because no part of the record is specified, the bill of exceptions containing enough to enable this court to ascertain the real questions in the case. In *Scott* v. *Whipple*, 116 *Ga.* 214, it was said that "no bill of exceptions can be dismissed on account of the negligence of the plaintiff in error in failing to incorporate or specify evidence or record which is material to his case." See also *Ahrens Mfg. Co.* v. *Patton Sash Co.*, 94 *Ga.* 247; *Continental Ins. Co.* v. *Wickham*, 110 *Ga.* 129. In *Lester* v. *Equitable Co.*, 92 *Ga.* 576, the writ of error was dismissed, because the plaintiffs in error not only "failed to brief the evidence as required by law," but "incorporated needlessly in the bill of exceptions all of the pleadings, thus aggravating the very evil which the act of 1889, for bringing cases to this court, was in a large measure intended to prevent." In *Delk* v. *Pickens*, 92 *Ga.* 576, the writ of error was dismissed because the plaintiff in error copied in full in the bill of exceptions the material portions of the record, and also specified the same to be brought up in the record, "in violation of both the letter and the spirit of the act of 1889 prescribing the manner in which cases shall be brought to this court, by duplicating instead of abbreviating the record." It will be seen that the last two cases were dismissed for bringing too much, rather than too little, to this court. In the present bill of exceptions we have everything that is necessary to a clear understanding of the alleged errors complained of, the certificate of the trial judge verifying the truth of every statement of fact recited and the correctness of every paper set forth. The judge still further certifies that the bill of exceptions contains all of the record and all of the evidence necessary to a clear understanding of the case. While, as before stated, we deprecate the practice of bringing matters of record up in this way, we can not hold that it is illegal, and the motion to dismiss the writ of error is therefore overruled.

2. The burden was upon the plaintiff to show a lack of ordinary care on the part of the company, and also to show that at the time he was killed the deceased was in the exercise of due diligence to protect himself. It appears that the deceased was digging under an embankment, and that those in charge of the work sent men to the top of the embankment to drive wedges in

the earth to prize it loose. This, however, was done in full view of the deceased, and all that was necessary for him to ascertain that the wedges were being driven was for him to "look up and see them." A witness for the plaintiff, who was working within three feet of the deceased, testified that he knew at the time that the wedges were being driven; that the object in driving them was to make the dirt cave in, and that the men went up on the embankment for that purpose. He further testified that the deceased had an equal opportunity with himself of knowing these facts; that both of them were present when the men were ordered to drive the wedges, and that the order was given in a tone loud enough for the deceased to hear it. We think, without saying more, that this case falls squarely within the ruling of this court in *Ga. R. Co.* v. *Ivy*, 73 *Ga.* 499; *Reid* v. *Central R. Co.*, 81 *Ga.* 694; *Georgia R. Co.* v. *Nelms*, 83 *Ga.* 70; *Western & Atlantic R. Co.* v. *Jackson*, 113 *Ga.* 355; and *Atlantic & B. Co.* v. *Reynolds*, 117 *Ga.* 47. The plaintiff's husband assumed the ordinary risks of his employment, and was bound to exercise his own skill and diligence to protect himself. The deceased was chargeable with knowledge of the physical fact that in undermining dirt, when the support is removed, the dirt will either topple over or cave in. At the time of the injuries which caused his death he was digging under an embankment, while others, in plain view of him, were driving in wedges to force away the overhanging earth. The plaintiff's own evidence, in our opinion, clearly demonstrates that the deceased, had he used the skill and diligence required of him by law to protect himself, could have avoided the injuries which caused his death; and the grant of a nonsuit was therefore proper.      *Judgment affirmed. All the Justices concur.*