## GALLOWAY et al. v. VESTAL.

1. Where a petition was brought against a named defendant by M. A. Galloway, for herself and as next friend of Lillie M., Mamie A., Everett C., and Thomas G. Galloway, the last four named persons being minors, and the petition was dismissed in the lower court upon demurrer, and in the bill of exceptions sued out by the plaintiffs to have the judgment of the court reviewed the case is stated as that of "M. A. Galloway and M. A. Galloway as the next friend of Lillie M., Mamie A., Everett C., and Thomas G., against John Vestal," the bill of exceptions may be amended by adding the name "Galloway" after that of the given name of the last-mentioned minor, thus showing the plaintiffs in error to be the same as those named as plaintiffs in the petition.

2. The petition having been dismissed upon general demurrer, an exception in the following language: "to which said order and judgment of the court plaintiffs excepted and now excepts, and say the same was error, and assign said ruling, order, and judgment as error, upon the ground that it is material to law," is sufficient, and the writ of error will not be dismissed upon the ground "that there is no assignment of error contained in the bill of exceptions in said case." Treating the words in the exception to the judgment of the court below, "upon the ground that it is material to law," as meaningless and as surplusage, the exception as it would then stand is a good and sufficient exception to the judgment which the plaintiffs in error seek to have reviewed. *Crossley* v. *Leslie*, 130 *Ga.* 782 (61 S. E. 851); *Huxford* v. *Southern Pine Company*, 124 *Ga.* 181 (52 S. E. 439).

3. The petition stated a cause of action, and should not have been dismissed upon general demurrer.

FEBRUARY 16, 1911.

Equitable petition. Before Judge Morris. Fannin superior court. October 21, 1909.

Mrs. M. A. Galloway, for herself and as next friend of Lillie M., Mamie A., Everett C., and Thomas G. Galloway, aged respectively 17, 11, 9, and 5 years of age, brought against John Vestal an equitable petition for injunction, cancellation of a deed, and other equitable relief. It appears from the petition that Mrs. M. A. Galloway

is the widow of George Galloway, and that the minors named above are their children. George Galloway died June 2, 1905; and on June 12, 1905, his widow, for herself and the minor children, made application for the setting apart to her and the minor children of a year's support. The appraisers appointed in this proceeding stated in their final return that they had "assessed and set apart, as being necessary for the support and maintenance of said widow and children [the petitioners], the sum of $586.61, which the said widow has selected as follows: Eighty acres of lot of land, No. 149 in the 8th district and 2nd section of Fannin County," together with certain described personalty. No objections were filed to the return of the appraisers, which was duly recorded. After the land had been so set apart, the petitioners remained in possession thereof until August, 1908, when the defendant, who was the brother-in-law of Mrs. M. A. Galloway and an uncle of the other petitioners, obtained a deed from Mrs. Galloway, conveying the following described lands, to wit: "No. 149 in the 8th district and 2nd section of said county [Fannin], containing eighty acres more or less, beginning at the northwest corner and running on the north line to a certain marked chestnut tree near the top of Bennett 'nob;' thence a south direction to a certain marked blackjack tree; thence southeast direction from the top of the ridge south of the fork of the road to a certain marked blackjack tree on the top of the first little knob; thence an east direction to a certain marked maple tree on the branch; thence straight to the southeast corner; thence west to the southwest corner; thence north to beginning point;" which tract is the land embraced in the return of the said appraisers, "although the same is not as fully described in the report" as in paragraph 1 of the petition, which sets forth the description of the land as it is described in the deed. It is alleged that the defendant induced Mrs. Galloway to execute the deed in question, by representing that he had been appointed to manage and control this land; that she was unable to manage and take care of same for herself; that she ought to remove herself and children to Blue Ridge and occupy one of his houses in Blue Ridge free of rent, and send her children to school. After setting forth other inducements offered to Mrs. Galloway to execute the said deed, it is further alleged that the defendant represented to her that he had two lots in Blue Ridge which cost him $1,000, and that the thing for her to do was to deed him the lands in con-

troversy.  Petitioner refused at first to execute a deed to this land, and told the defendant that while she could live on the place where she was then living, she could not make a living for herself and children in Blue Ridge; to which the defendant replied by saying that she could by renting out the two lots in Blue Ridge for $12.50 per month each, that they had rented for that much, and that they could be rented again for that much.  She had great confidence in defendant's judgment, and his former conduct in relation to her welfare and that of the children induced her to believe that he was in fact working and acting for their best interest; but all of the statements made by defendant to petitioner were false and misleading, and made for the purpose of fraudulently obtaining the title to the lands set apart for their year's support; and as a matter of fact the two town lots in the city of Blue Ridge, referred to above, instead of being worth $1,000 and having a rental value of $25.00 per month, were not worth more than $300 and were only renting for $2.50 per month, and the houses on those two lots are practically valueless.  At the time of the execution of the deed she was mentally incompetent to contract, caused by a spinal or nervous affection from which she was suffering; and the defendant, knowing of her condition, took advantage of it and of his influence over her, and, by the false and fraudulent representations above set forth, induced her to execute the deed to the eighty acres of land referred to above.  The defendant, on August 26, 1908, executed to Mrs. M. A. Galloway a deed to the two town lots in Blue Ridge, though he had promised that he would delay making this deed until she had had time to consider whether she was satisfied with the exchange.  The deed to the two town lots showed a consideration of $300, but as a matter of fact no money was paid by either of the parties.  It is also alleged that the deed to the 80 acres of land was executed solely "in consequence of the fraudulent and deceitful conduct on the part of the defendant."  Petitioners offer to reconvey to the defendant the two town lots in the city of Blue Ridge, and allege that they in fact refused to accept the deeds to the same.  For the reasons set forth above, the deed executed by M. A. Galloway to John Vestal is void.  The plaintiffs pray that this deed be set aside and cancelled, and that the defendant be enjoined from selling, encumbering, or creating liens on the eighty acres of land, and from interfer-

ing in any way with petitioners' use of the same, they still being in the possession thereof.

This petition was dismissed on general demurrer, and the plaintiffs excepted. A motion was made in this court to dismiss the writ of error, upon the ground that "there is no assignment of error contained in the bill of exceptions, and upon the further ground that the names of the parties designated as plaintiffs in error in the bill of exceptions are different from the names of those designated as plaintiffs in the court below." The plaintiffs in error thereupon asked leave to amend the bill of exceptions "by adding the word and name 'Galloway' after the given names of the minors as set out· in the bill of exceptions."

*Thomas A. Brown* and *Gober & Griffin,* for plaintiffs.

*William Butt, O. R. Dupree,* and *J. Z. Foster,* for defendant.

BECK, J. (After stating the facts.)

1, 2. The rulings in the first two headnotes are sufficient without discussion.

3. The petition in this case is inartificial, and contains much that is unnecessary in a statement of the case and is purely surplusage; but there was no special demurrer pointing out particular defects in the plaintiffs' statement of their case. The defendant relied entirely upon his contention that no cause of action was stated; and the court below, agreeing with the defendant, dismissed the petition. The court must have reached his conclusion upon the ground that the return of the appraisers setting apart a tract of 80 acres of land described in the petition was so vague and indefinite as to be insufficient to vest the title to the same in the widow and minor children, as contemplated in the law relating to the setting apart of a year's support for a widow and her children. The court's judgment could not have been based upon the ground that if the land had been properly set apart as a year's support to Mrs. Galloway and her children, the defendant could, by the representations which were false and fraudulent in every·particular and made to a weak-minded woman who reposed confidence in him, obtain a deed from her which would be valid and capable of withstanding the attacks which were made upon it in the petition which we have before us for consideration.

We apprehend that the argument which is advanced in the brief of counsel for the defendant in error, filed in this court, to the effect

that the description in the return of the appraisers, because of vagueness and uncertainty in the description of the land, was insufficient to vest the title thereto in the widow and children, and that therefore they could not maintain this petition to set aside a conveyance executed by the widow and which had been obtained by fraud, must have appealed to the court below as being sound. This argument was supported by the citation of the case of *Lee* v. *English,* 107 *Ga.* 152 (33 S. E. 39). In the case just referred to the contest was between the widow and creditors of the deceased husband, and the widow herself advanced the contention that the description of land allowed by the verdict of the jury, trying objections to the return of appraisers appointed to set apart and assign the year's support, was so vague, uncertain, and unintelligible as to be unenforceable. But in the present case, a party who obtained a conveyance of the land alleged to be the same as that which was embraced in the return of the appraisers, when his conveyance is attacked on the ground of fraud, raises the point that the description was fatally defective. We do not think that he is in position to take advantage of the defect pointed out in the description. By virtue of the act of the appraisers the widow and children are in possession of the land. No creditor of the deceased husband is attacking the title of the widow and children. Their possession and title are menaced alone by the fact that a deed obtained by fraud is outstanding in the hands of this defendant. And if they establish by proof what they have alleged, they are entitled to have the menace removed by the cancellation of the fraudulently procured conveyance.

Certain special prayers of the petition are criticised in the brief of counsel for the defendant in error. This should have been done by special demurrer, if these prayers have the particular infirmity now attributed to them. As against a motion to dismiss, in the nature of a general demurrer, the petition was good and the prayer was. sufficient.                    *Judgment reversed.    All the Justices concur.*