DUNN *et al. v.* ROBINSON.

ALMAND, Justice. Henry Mae Robinson filed a petition against R. W. Apte and W. C. Dunn, alleging: She was the owner of and had title to a tract of land described in the petition; she was a married woman and was living with her husband on April 5, 1944, when she and her husband, John M. Robinson, executed a promissory note for $620, and to secure said note she executed and delivered to R. W. Apte a

security deed to the land described in the petition. Though her husband signed the security deed with her, she was the sole owner of the property, and her husband had no interest or equity in the same, and the consideration of the note described in the security deed was a debt of the plaintiff's husband, and she did not receive any part of the consideration, but was induced and persuaded to sign the note and security deed under a threat to sell her separate property for the debts of her husband. Said R. W. Apte caused said security deed to be recorded; and subsequently, under a power of sale contained in said deed, as attorney in fact for the plaintiff and her husband, Apte executed to one W. C. Dunn a deed which recites a consideration of $850, and said deed has been recorded. The transaction of the plaintiff, signing the note representing a debt of her husband and giving the security deed to her separate property to the creditor of the husband in extinguishment of the debt, was absolutely void, and the defendant Dunn at the time he bought said property had knowledge of the fact that the original note and mortgage given to Apte by the plaintiff was given to secure a debt of her husband.

The general demurrers of the defendants were overruled, and the exception is to that order. *Held*:

1. A married woman may not bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, is absolutely void. Code, § 53-503.

2. Where one lends money to a husband and takes a deed from his wife with knowledge that the wife was conveying her land to secure her husband's debt, the wife can recover the land from the lender, and her deed to the lender will not estop her from asserting the invalidity of the transaction. *Ruffin* v. *Paris*, 75 *Ga.* 653 (7a).

3. Where a creditor takes a security deed from the wife, with knowledge that the conveyance was for the purpose of securing a debt of the husband, and thereafter the creditor or grantee in the security deed under power of sale contained therein sells and conveys the property as attorney in fact for the wife to a third person who, at the time of the purchase, knew that the security deed had been executed by the wife to secure a debt of her husband to the grantee in the security deed, and that the wife at the time of executing the security deed, and at the time of the sale of the property, was in possession of the property, such third person acquires no title as against the wife. *Sikes* v. *Seckinger*, 164 *Ga.* 96 (137 S. E. 833).

4. The rule that a wife may upon her own responsibility voluntarily enter into a contract to borrow money and give her note therefor, and such contract is binding upon her, although the party with whom she contracts may know that she intends to use the borrowed money for her husband's benefit (*Atlanta Suburban Land Corp.* v. *Austin*, 122 *Ga.* 374, 50 S. E. 124), is subject to an exception, where the contract is based upon a mere colorable transaction to which the lender is a party, the purpose of which is to make the wife, to all intents and purposes, her husband's surety. *Williamson* v. *Walker*, 183 *Ga.* 320 (188 S. E. 346); *Magid* v. *Beaver*, 185 *Ga.* 669 (196 S. E. 422). In the instant case, whether the allegations in the petition be construed as charging Apte

as a creditor of the husband at the time the loan deed was executed, or as charging him as being a lender of money which was used to pay off a debt of the husband, they were sufficient to charge Apte, the grantee in the security deed, with being a party to the transaction and scheme to make the wife a surety for her husband's debt. There is no allegation in the petition that Apte advanced any money to the plaintiff to pay her husband's debt, or that Apte paid any money to creditors of the husband in satisfaction of his debts.

5. Applying the foregoing principles of law to the instant case, the petition was sufficient to state a cause of action against both of the defendants, and it was not error for the trial court to overrule the general demurrers.

*Judgment affirmed. All the Justices concur.*

No. 17590. ARGUED SEPTEMBER 11, 1951—DECIDED OCTOBER 10, 1951—REHEARING DENIED NOVEMBER 16, 1951.

*E. Mullins Whisnant, Kennedy & Bulloch, George C. Kennedy, W. B. Steis,* and *G. W. Huling,* for plaintiffs in error.

*F. W. New,* contra.