35057.  GUARANTEE TRUST LIFE INSURANCE COMPANY *v.* HILL, Administratrix.

DECIDED JUNE 23, 1954.

288

*James F. Geeslin, Frank Hardeman,* for plaintiff in error.
*Marshall L. Fountain,* contra.

QUILLIAN, J. ■ The defendant in error moves in this court to dismiss the writ of error on two grounds: first, because the assignment of error therein in the following language, "At the conclusion of said hearing, the Honorable Judge W. Wright Abbot overruled said motion for a new trial, and plaintiff in error appeals from such ruling and assigns error to same," is not a "sufficient direct, or specific assignment of error on the final judgment in said case"; and, secondly, on the ground that the specification in the bill of exceptions of the portion of the record material to a clear understanding of the errors complained of as "the complete record of said case," without specifying what the record is, is insufficient.

These grounds of the motion to dismiss the writ of error are without merit. The assignment of error is sufficiently specific and is substantially in the language approved in *Rigell* v. *Sirmans,* 123 *Ga.* 455 (1) (51 S. E. 381), and *Huxford* v. *Southern Pine Co.,* 124 *Ga.* 181 (1) (52 S. E. 439). See also *Patterson* v. *Beck,* 133 *Ga.* 701, 703-707 (66 S. E. 911), containing a good discussion of the subject and a review of the authorities; *Galloway* v. *Vestal,* 135 *Ga.* 707 (2) (70 S. E. 589); *Roberts* v. *McBrayer,* 194 *Ga.* 606 (1), 612 (22 S. E. 2d 165); *Holloman* v. *City of Tifton,* 3 *Ga. App.* 293 (1) (59 S. E. 828). The specification of the portion of the record material to a clear understanding of the errors complained of as "the complete record of said case," where such specification was approved by the trial judge when he affixed his signature to the certificate to the bill of exceptions, was a sufficient compliance with the law with respect to such matters, and the motion to dismiss the writ of error on these grounds is denied. *Gregory* v. *Daniel & Son,* 93

*Ga.* 795 (20 S. E. 656); *Daniel* v. *Central of Ga. Ry. Co.*, 119 *Ga.* 246 (46 S. E. 107); *Atlanta Suburban Land Corp.* v. *Austin*, 122 *Ga.* 374 (50 S. E. 124). See also, and compare the ruling in, *Holmes & Co.* v. *Pope & Fleming*, 1 *Ga. App.* 338, 341 (58 S. E. 281).

■ The exception before this court is to the denial of a motion for new trial on the general grounds only. No other reason is presented in the motion for a new trial as to why the verdict should not be permitted to stand. The bill of exceptions also recites that, "At the conclusion of the testimony on behalf of the defendant in error, attorney for plaintiff in error made a motion to exclude and strike the charge contained in the petition and made for the third confinement of Robert D. Hill, Sr., deceased, on the ground that no written notice had been given to plaintiff in error. The court reserved a ruling on this motion and allowed defendant in error to reopen the case and introduce additional evidence; after the introduction [of] evidence the court overruled said motion, and plaintiff in error excepted to said ruling; plaintiff in error renewed said motion in connection with the third confinement of Robert D. Hill, Sr., deceased, at the conclusion of evidence for plaintiff in error and the court again overruled said motion and plaintiff in error again excepted to said ruling"; and error is assigned in the bill of exceptions on that ruling, and also on the admission over the defendant's objection of certain testimony of the plaintiff on the ground that the same was hearsay.

Assuming that these assignments of error are technically sufficient and are timely and sufficiently specific to present a question for this court's consideration, they nevertheless cannot be considered. "In some jurisdictions a motion for a new trial is treated as a discretionary appeal to the trial court, and exception is not taken to the overruling of the motion, but to rulings made pending the trial. In this State error can be assigned on the ruling of the trial court upon the motion for a new trial, or in a proper case there may be a direct exception. But this does not authorize a mixed practice of excepting to the overruling of the motion for a new trial and also of assigning error, in a bill of exceptions pendente lite, upon rulings made pending the trial which might and should have been included in the motion,

if relied on. Some rulings do not form proper grounds of a motion for a new trial (of which a ruling on a demurrer to pleadings may be taken as an example); and as to these there may be direct assignments of error in addition to the exception to the overruling of the motion. But there are other rulings made pending the trial which enter into and may affect the verdict, such as rulings on the admission or rejection of evidence, charges of the court, rulings as to the burden of proof, and the like. If a motion for a new trial is made, such rulings would furnish, if erroneous, additional reasons for granting a new trial, and they should be included in the motion, if relied on. It is not proper to allow a party to move for a new trial on certain existing grounds known to him, fail to obtain it, except to the ruling on the motion, and then seek to add force to it by setting up, in a bill of exceptions pendente lite, additional grounds which ought to have been included in it but were not." *Crawford* v. *Wilson,* 142 *Ga.* 734, 739 (2) (83 S. E. 667). See also, to the same effect, *Frank* v. *State,* 142 *Ga.* 741 (4) (83 S. E. 645, L. R. A. 1915D 817); *Kite Consol. School Dist.* v. *Clark,* 175 *Ga.* 792 (2) (166 S. E. 199). The two grounds of exception referred to above should have been incorporated in the motion for new trial, if the plaintiff in error chose to rely upon them, and the trial judge afforded an opportunity of ruling on the same at the time he passed on the motion. It was not proper for the plaintiff in error to bypass the trial court as to some of the reasons why it contends it should have a new trial and submit to the court's consideration only some of the reasons why it contends it should have a new trial.

■ Assuming that the assignment of error in the bill of exceptions complaining of the refusal of the trial court to grant a nonsuit was a timely exception to such ruling and otherwise technically sufficient, such exception, nevertheless, cannot be considered. It is well settled in this State that, where the court refuses to award a nonsuit and the case thereafter proceeds to trial and a verdict and judgment in favor of the plaintiff is rendered, and a motion for new trial is made on the ground that the verdict was contrary to the evidence and without evidence to support it, the exception to the overruling of the motion for a nonsuit will not be considered. *Willis* v. *Persons,* 46 *Ga. App.*

661 (1) (168 S. E. 905); *Gainesville Midland R. Co.* v. *Floyd*, 73 *Ga. App.* 661 (1) (37 S. E. 2d 725).

■ The only other assignment of error is to the denial of the motion for new trial on the general grounds alone. The evidence was sufficient to authorize the jury to find that Robert D. Hill, Sr., was issued a policy of hospitalization insurance by the defendant; that the defendant accepted the payment of premiums thereon by him or on his behalf for some six months prior to the first loss sued for, and continued to receive and accept premium payments thereafter until the death of the insured (which was not covered by the policy sued on); that no misrepresentation or false statement material to the risk or having any connection with the loss suffered by the insured, was made in the application for insurance; that the insured suffered an accidental injury on or about November 10, 1951, resulting in his disability and necessitating his hospitalization until December 8, 1951, as a result of which he incurred expenses covered by the terms of the policy in the amount of the first item sued for; that Mr. Hill was hospitalized again on December 19, 1951, with a condition diagnosed as virus pneumonia, and was discharged on December 31, 1951, and he was readmitted on January 6, 1952, with a condition diagnosed as a recurrence of the virus pneumonia and an embolism of the lung, and was discharged from the hospital on March 26, 1952; that all the items sued for were expenses incurred as a result of the insured's sickness and hospitalization and were items of expense which under the terms of the policy the company was obligated to pay; and that the policy was in force at the time such expenses were incurred by the insured.

Under the evidence, however, the jury were not authorized to find damages and attorney's fees, for there was sufficient doubt as to the issues of material false or fraudulent statements by the insured or his agent, made on the application for insurance, to justify the company's refusal to pay the claim. Under such circumstances the verdict and judgment for damages and attorney's fees cannot stand, but the verdict and judgment which is otherwise legal is affirmed on condition that the amounts of the verdict represented by damages and attorney's fees be written off, otherwise the judgment is reversed.

*Judgment affirmed on condition. Felton, C. J., and Nichols, J., concur.*