COOK *vs.* THE WESTERN AND ATLANTIC RAILROAD.

[JACKSON, Chief Justice, being disqualified, did not preside in this case.]

1. When this case was before the Supreme Court before, it was held that the grant of a non-suit was error, and that the case should be submitted to the jury. This point is *res adjudicata,* and the jury having found for the plaintiff, a new trial will not be granted on that ground.*

2. An employé of a railroad company may by contract waive his right to sue for injuries not arising from criminal negligence on the part of the company, or its other employés; but any negligence, either of omission or commission, on the part of other employés of the road, in connection with their business, from which serious injury results, constitutes criminal negligence, and a contract waiving the right to sue for injuries resulting therefrom is contrary to public policy, and void.

(*a.*) The discretion of the presiding judge in granting a first new trial had been exhausted in the case, and the grant of another was error.

November 20, 1883.

Railroads. Damages. Negligence. Before Judge FAIN. Whitfield Superior Court. April Term, 1883.

Reported in the decision.

W. K. MOORE, for plaintiff in error.

R. J. McCAMY, for defendant.

BLANDFORD, Justice.

The plaintiff brought her action against defendant for the homicide of her husband from the running of its cars, by reason of the negligence of its servants and agents. A verdict having been rendered for plaintiff, defendant moved for a new trial upon several grounds; the court below granted the new trial, and plaintiff excepted, and assigns as error the granting of said new trial; and the matter is thus brought before this court for review.

*See Cook *vs.* W. & A. R. R., 69 *Ga.*, 619.

Cook vs. The Western and Atlantic Railroad.

1. In looking at the facts set forth in the record, it is not apparent that this accident, which caused the death of plaintiff's husband, was by the fault or negligence of deceased, or the negligence and carelessness of defendant's servants or agents, but it appears to have been one of those unavoidable accidents which sometimes occur in human affairs, when neither party was at fault; but as this case was before this court at September term, 1882, upon a non-suit granted by the court below, upon precisely the same state of facts as are now presented in this record, and as this court then held that the non-suit was improperly granted, and that the facts were sufficient to carry the case to the jury, and it was a question alone for the jury to determine whether the injury occurred by the fault of plaintiff's husband or by the negligence of defendant and its agents or servants, this question in this case is *res adjudicata*, and we are not at liberty to say, under the facts, that plaintiff could not recover.

2. The defendant insists that plaintiff cannot recover, by reason of a certain contract made by plaintiff and her husband with defendant, by which it was agreed

"That the said John H. Cook, in consideration that the Western & Atlantic Railroad Company will hire and pay him (defendant's husband) the wages stipulated, which is more than he can get elsewhere, will take upon himself all risk connected with, and incident to, his position on the road, and will in no case hold the company liable for any injury or damage he may sustain while so employed, in his person or otherwise, by what are called accidents or collisions on trains or road, or which may result from negligence, carelessness or misconduct of himself or any other employé or person connected with said road, or in the service of said company, or from any other cause."

This contract was signed by the plaintiff and her husband. It was decided by this court, at the July term, 1873, in the case of *Western & Atlantic Railroad Company vs. Bishop*, 50 *Ga.*, 465, "that a contract, so far as it does not waive any criminal neglect of the company or its principal officers, is a legal contract, and binding on the employé;" and this ruling was had upon a contract

v 72-5

similar to the one in this case.   The same principle was ruled at the July term, 1874, of this court, in the case of *Western & Atlantic Railroad Company vs. Mary Strong*, 52 *Ga.*, 461.

In 1876, the legislature thought proper to enact, and made it penal for any person employed in any capacity by any railroad company doing business in this state, who should be guilty of negligence, either by omission of duty or by any act of commission in relation to the matter entrusted to him, about which he is employed, etc., by which any person is injured, etc., such person shall be guilty of the offence of criminal negligence, and shall be punished, etc.   Code, §4586 (b).

The contract in this case, above set forth, does, in direct terms, waive and release the defendant from all liability for any injury or damage, which plaintiff's husband may sustain, "which may result from the carelessness, negligence or misconduct of himself or any other person or employé, connected with the road, or in the service of said company, or from any other cause," although such neglect, carelessness or misconduct of defendant's servants or agents is made a crime, and punishable by the terms of the act of 1876, as above cited.   Such a contract is void, as was decided by this court in the case cited in 50 *Ga.*, 465.   No stipulation to waive any criminal neglect of the company is valid.   The same is contrary to public policy, as declared by the statute. Every neglect which causes serious injury to any person by an agent, servant or employé of a railroad company in this state is a crime by the laws of this state.   And no release or waiver, by any employé, or other person, of a railroad company, on account of such neglect of its servants or agents, is binding upon the party making the same, but it is utterly null and void since the passage of the act of 1876.

A new trial having been granted prior to the last grant of a new trial in this case, the discretion of the court below to make this last grant of a new trial had been exhausted, on

that ground.   The judgment of the court below granting a new trial in this case is reversed.

Judgment reversed.