Wilcox, Gibbs & Company *vs.* Aaron; Gay *vs.* Parker.

matters occurring on the final trial, or to such as would have resulted in a final disposition of the case. To avail herself of the errors set forth in the exceptions filed pending the motion for new trial, plaintiff in error should have done so by specifying them in the bill of exceptions taken to the grant of the new trial. Code, §§4354, 4250.

(*a.*) This does not conflict with the cases in 68 *Ga.*, 578; 69 *Id.*, 726, 678, 525; 64 *Id.*, 684, 685, 686, if the context in those cases be considered.

2. There was no abuse of discretion in granting a new trial in this case.

Judgment affirmed.

October 21, 1884.

HALL, Justice.

---

## WILCOX, GIBBS & COMPANY *vs.* AARON.

74a 407
89 570

A motion for new trial, on the ground that the verdict is strongly and decidedly against the weight of the evidence, is addressed to the sound discretion of the judge of the superior court, and this court will not review or control his discretion in refusing a new trial, if there is enough evidence to sustain the verdict.

Judgment affirmed.

December 2, 1884.

BLANDFORD, Justice.

---

## GAY *vs.* PARKER.

74b 407
89 570

[Jackson, C. J., did not preside, on account of providential cause.]

This court has no discretion to grant new trials, but such discretion is vested in the judges of the superior courts. Where there is no evidence to sustain the verdict, the law demands a new trial, and this court will declare the law. But if there is any evidence to sustain the verdict, the motion for new trial on that ground is addressed to the discretion of the court below, and this court will not interfere.

Judgment affirmed.

October 2, 1884.

BLANDFORD, Justice.