CHRISTIAN *et al. vs.* WESTBROOK *et al.*

1. Where there is any evidence to sustain the verdict, it is in the discretion of the judge to grant or refuse a new trial; and if he does not abuse his discretion, we are not at liberty to interfere with his judgment. This is the rule where a first verdict has been set aside or sustained, but where a second jury, upon the grant of a new trial, has concurred with the former jury in their finding, and the presiding judge has refused to disturb it and grant another new trial, this court would not interfere with the exercise of his discretion, although he may think the evidence introduced to establish the main ground relied upon for a recovery "rather weak."

2. The main contention in this case was as to whether the complainants were barred from a recovery by letters dismissory granted to the administrators, or whether said letters were obtained by fraud, and therefore were void. The evidence showed considerable irregularity on the part of the administrators, and was such as at least to cast suspicion upon the fairness of the proceedings; and there was enough on which to predicate the verdict found by the jury.

3. The fact that a distributee, who was a minor at the time when the administrators obtained letters of dismission, had a legal guardian during his minority, did not bar his right to commence suit against them at any time within five years after his arrival at majority.

October 13, 1885.

New Trial. Administrators and Executors. Fraud. Statute of Limitations. Guardian and Ward. Before Judge BROWN. Cherokee Superior Court. February Term, 1885.

This was a bill filed by the sons of a decedent against the administrators on his estate for an accounting. It was alleged that they had obtained a discharge by fraud, which the complainants had discovered only some two months before suing. The discharge was obtained in 1871; the bill was filed in 1877; one of the complainants became of age in December, 1871, and the other about two years later. The former had a guardian; the latter had none.

The principal points in contest rested on the discharge of the administrators and the statute of limitations. The case was referred to an auditor, and exceptions to his report were filed. The jury found against the exceptions. A

motion for a new trial was made and overruled, and the defendants excepted.

R. P. LESTER; GEO. N. LESTER, for plaintiffs in error.

W. A. TEASLEY; C. D. PHILLIPS, for defendants.

HALL, Justice.

Both parties excepted to the auditor's report in this case; the issues made by these exceptions have been passed upon by two juries at different terms of the court; each jury returned the same verdict, and both verdicts found against the exceptions and in favor of the auditor's report. Upon a motion made by the defendants, the first verdict was set aside, and a new trial was ordered. The defendants made a motion to set aside the verdict rendered on the last trial, and asked that another new trial be awarded them, which was refused by the judge, who presided at both the trials.

1. Where there is any evidence to sustain the verdict, it is in the discretion of the judge to grant or refuse a new trial, and if he does not abuse his discretion, we are not at liberty to interfere with his judgment. This is the rule where a first verdict has been set aside or sustained; but where a second jury, upon the grant of a new trial, has concurred with the former jury in their finding, and the presiding judge has refused to disturb it and grant another new trial, we should not interfere with the exercise of his discretion, although he may think the evidence introduced to establish the main ground relied upon for a recovery "rather weak." He was satisfied, as his judgment plainly demonstrates, that it was sufficient to authorize, though it did not imperatively demand, the verdict, and in this conclusion, we agree with him.

2. The main contention in this case was as to the letters dismissory granted by the court of ordinary to the defendants as administrators on the estate of complainants' father, which the defendants pleaded in bar of complainants' re-

covery, alleging that one of complainants was of full age
shortly after the judgment dismissing them from the ad-
ministration was rendered; that the other complainant,
though two years younger, was all the while represented
by a guardian, who suffered five years to elapse before the
institution of the present suit. To this the reply was that
the letters of dismission were obtained by means of fraud
practiced by the administrators, both upon the complain-
ants as heirs of the intestate, and upon the ordinary, and
for that reason the discharge was "void" and of no effect,
and was not discovered by them until a very short time,
some two months, before they commenced their suit. Code,
§§2607, 2608. The various acts on which they relied to
defeat this defence were specified in their pleadings, and
the testimony in the case sustained substantially these al-
legations, which, to say the least, cast suspicion upon the
fairness of this proceeding; and when it is remembered
that, owing to the subtle character of fraud, slight circum-
stances may be sufficient to carry conviction of its exist-
ence (Code, §2751), it would, as we think, be going quite
too far to say that there was nothing to rest the verdict
upon, where the proof, as in this case, showed that a princi-
pal voucher relied upon to sustain the final return made
by the administrators was obtained after their discharge
had been granted, which voucher itself was vague and in-
definite; that the party from whom it was procured tes-
tified that all the money he received from the administra-
tors was some two hundred dollars, which he paid back to
them, because of an alleged mistake on their part in turn-
ing it over to him; and where there was evidence that one
of the vouchers was irregular, and was placed in the hands
of one of these administrators to have it corrected, with a
promise to return it when this was done; and where it is ex-
ceedingly doubtful whether there was a compliance with
this promise; and where on the trial this final return was
not forthcoming, and no order approving it was shown; and
where it was certain that it had never been put on record

in the proper court, and, to say the least, there was considerable irregularity, if not something worse, through the entire administration.

3. We cannot hold that the fact of the minor complainant having a guardian during the time of his minority after the discharge of the administrators was granted, barred his right to commence suit against them at any time within five years after his arrival at majority. The statute in express terms declares that such discharge shall be no bar to the action (Code, §2607). There is no such exception in it as that here insisted on, and we have no power to make such a qualification; this would be judicial legislation rather than legitimate interpretation.

Judgment affirmed.