ATLANTA & WEST POINT RAILROAD CO. *v.* LOVELACE (two cases).

FISH, P. J.   1. After instructing the jury that plaintiff and defendant railroad company were bound to exercise the same degree of care to prevent a collision between plaintiff's team and defendant's engine on a public crossing, it was not erroneous for the court to add to such instruction : " but one is not bound to anticipate negligence when the law commands diligence for his protection at the hands of another." The duty of exercising care to avoid the consequences of another's negligence does not arise until such negligence exists, and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence. *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708.

2. It was not erroneous for the court to refuse to instruct the jury that it is the duty of one who attempts or intends to cross a railroad track to use his powers of hearing and seeing before going on the track. *Macon Railway & Light Co.* v. *Barnes,* ante, 443. What an ordinarily prudent man would do under the circumstances is a question for the jury.

3. The requests to charge, in so far as they were sound and pertinent, were fully covered by the instructions given, in which the law applicable to all the issues in the case was accurately and specifically given to the jury.

4. Grounds of a motion for a new trial not approved by the trial judge will not be considered by the Supreme Court.

5. The evidence authorized the verdict, and the refusal of a new trial was not erroneous.           *Judgment affirmed.    All the Justices concur.*

Argued November 19, — Decided December 20, 1904.

Actions for damages. Before Judge Longley. City court of LaGrange. May 23, 1904.

*Dorsey, Brewster & Howell, Arthur Heyman, A. H. Thompson,* and *R. A. S. Freeman,* for plaintiff in error.

*F. P. Longley* and *E. S. Longley,* contra.