## DALE v. DENVER CITY TRAMWAY CO.

(Circuit Court of Appeals, Eighth Circuit. November 1, 1909.)

### No. 3,083.

1. NEGLIGENCE (§ 93*)—IMPUTED NEGLIGENCE—NEGLIGENCE OF A CHAUFFEUR IMPUTABLE TO OCCUPANT OF CAR.

The negligence of the driver of an automobile is not imputable to an occupant, who is riding as the guest of another and has no control over the movements of the car.

[Ed. Note.— For other cases, see Negligence, Cent. Dig. § 147; Dec. Dig. § 93.*

Negligence of driver of vehicle imputed to persons riding with him, see note to Davis v. Chicago, R. I. & P. Ry. Co., 88 C. C. A. 497.]

2. NEGLIGENCE (§ 119*)—ACTIONS—EVIDENCE ADMISSIBLE UNDER PLEADINGS.

Under the settled doctrine of the federal courts, a municipal ordinance, to be admissible in evidence in support of a charge of negligence, must be pleaded.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 206; Dec. Dig. § 119.*]

3. STREET RAILROADS (§ 90*)—COLLISION WITH VEHICLE AT CROSSING—NEGLIGENCE.

A street railway company is not chargeable with negligence, which renders it liable for the killing of a passenger in an automobile by a collision between such machine and a car at a street crossing, where the car was not being run at an excessive speed, and the automobile, which had been proceeding along the same street a short distance ahead of the car, suddenly turned across the track so close to the car that the motor-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

man could not stop before the collision occurred, a movement which he was not bound to anticipate.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 191, 192; Dec. Dig. § 90.*]

In Error to the Circuit Court of the United States for the District of Colorado.

Action by Russell Dale against the Denver City Tramway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Robert I. Gregg (R. H. Gilmore, on the brief), for plaintiff in error.
Howard S. Robertson (Gerald Hughes, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. This is an action brought by plaintiff to recover damages for the death of his wife, caused by the alleged negligence of the defendant. The facts disclose that Mrs. Dale, a resident of Chicago, Ill., was visiting friends in Denver; that on September 20, 1907, she, with a number of other ladies, was the guest of a friend at a tea party, after which the hostess hired an automobile and took her guests about the city sight-seeing. At about 6 o'clock in the evening they were going west on Eighth avenue in an automobile at a speed of from 15 to 18 miles per hour, until they reached Newport street, which crossed Eighth avenue, when, just as it made the turn to cross defendant's tracks on Newport street, the automobile slackened its speed to 7 or 8 miles per hour. Eighth avenue, at the point in question, was in a sparsely settled portion of the city, and the street but little traveled. The street car track was laid in the center of the avenue, and there was no travel on the avenue on the south of the track; the only travel being upon the north side, in a pathway about 8 feet distant from the outer rail of the street railway track. One of defendant's street cars going west on Eighth avenue traveled some two lengths in the rear of the automobile for about a block before reaching Newport street, at the crossing of which a collision occurred between the automobile and the street car, from which Mrs. Dale sustained injuries resulting in her death. The automobile was one having a top; the rear curtain being down, and the side curtains being up. There were seven occupants of the automobile; Mrs. Dale being one of three persons sitting in the rear seat.

That the chauffeur was guilty of gross negligence in turning the automobile to cross the track, not having taken reasonable precautions to ascertain whether or not the street car was close behind him, does not admit of doubt; but Mrs. Dale, the deceased, was an occupant of the automobile as a guest, and did not have charge of, or control, its movements. The negligence of the chauffeur, therefore, is not imputable to her. Little v. Hackett, 116 U. S. 366, 6 Sup. Ct. 391, 29 L. Ed. 652.

There is some evidence to the effect that the street car was making a speed of from 18 to 20 miles per hour. On the trial plaintiff offered

in evidence a municipal ordinance which granted the right to operate street cars upon certain streets, at a speed not exceeding 15 miles per hour, to the introduction of which defendant objected, for the reason that the ordinance had not been pleaded, and also for the reason that it was incompetent, irrelevant, and immaterial, which objection was sustained. The complaint was based upon the common-law doctrine of negligence. The negligence on the part of the company was charged as running the street car at an excessive rate of speed, and not giving warning of its approach by the sounding of a gong or the ringing of a bell.

The weight of authority and settled doctrine, of the federal courts at least, is that a municipal ordinance, to be admissible in evidence, must in some manner be referred to in the pleadings. Robinson v. Denver City Tramway Co., 164 Fed. 174, 90 C. C. A. 160, and cases cited. We are, however, cited to two recent decisions of the Supreme Court of Colorado, Griffith v. Denver Consolidated Tramway Co., 14 Colo. App. 504, 61 Pac. 46, and Denver Tramway Co. v. Martin, 44 Colo. 324, 98 Pac. 836, holding that, when the action was not based upon the violation of an ordinance but upon negligence in running the car at an excessive rate of speed, then an ordinance prescribing the rate of speed may be given in evidence, though not pleaded, for the reason that the purpose of a pleading was to set forth ultimate rather than evidential facts; that the ultimate fact proper to be pleaded was the negligent speed of the car; that the speed being in violation of the ordinance was merely an evidential fact to support the ultimate fact. The violation of the terms of the ordinance not alone being negligence per se, so as to create a cause of action, but simply a fact or circumstance to be considered in connection with other facts and circumstances in determining whether or not the ultimate fact, to wit, the negligent speed of the car, was established, it is, therefore, urged upon us with much force that the admissibility of the ordinance as evidence in the case involved the construction of pleadings only, and that the federal court, under the conformity act, should follow the decision of the state Supreme Court in this regard. We need not now stop to determine the correctness of this view. The ordinance was one adopted by the town of Montclair, in June, 1898, and authorized the Colfax Electric Railway Company to lay its tracks and operate its cars on Colfax avenue, Center avenue, and Geneva avenue of that town. The town of Montclair is now a part of the city and county of Denver, and the evidence discloses that Eighth avenue, the place where the accident occurred, was within the limits of the former town of Montclair; but there is an entire absence of evidence to show that the defendant was operating its cars on Eighth avenue by authority of and subject to the provisions of that ordinance. Hence it was not material to any issue in the case, and the objection to its introduction was properly sustained.

At the close of all of the evidence, upon motion of defendant, the court directed a verdict for the defendant. This is alleged as error. There was no whistle upon the street car, but a gong, and we think it clear from the evidence that the motorman sounded the gong at Oneida street (being the first street back from Newport); that he had

proper control of his car, and as soon as the automobile turned to cross the track he immediately put on the brake, released the current, and sounded the gong, all of which was ineffectual, as it was but a moment between the time the chauffeur turned his car to cross the track and the collision. The speed at which the street car was going was not, considering the sparsely settled portion of the city and the small amount of travel upon the streets in that section, a negligent rate of speed. While the motorman knew and saw that the automobile was traveling ahead of him in the same direction, he was not bound to anticipate that the automobile would attempt to cross the track without reasonable precautions being taken to ascertain the approach of the car. Ohio & M. Ry. Co. v. Walker, 113 Ind. 196, 15 N. E. 234, 3 Am. St. Rep. 638; Atlanta, etc., R. R. Co. v. Lovelace, 121 Ga. 487, 49 S. E. 607; Western & A. R. Co. v. Ferguson, 113 Ga. 708, 39 S. E. 306, 54 L. R. A. 802; Macon & I. S. Electric St. Ry. v. Holmes, 103 Ga. 655, 30 S. E. 563.

We think there was a failure to show actionable negligence on the part of defendant, and the judgment is affirmed.

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.