23103.   COLEMAN *v.* WESTERN AND ATLANTIC RAILROAD.

344

Decided November 4, 1933.   Rehearing denied January 29, 1934.

*Eugene L. Tiller, Branch & Howard,* for plaintiff.
*Tye, Thomson & Tye,* for defendant.

Sutton, J.   This was a suit for damages against the railroad company, in which the plaintiff made this case: He was walking along Simpson street, in the city of Atlanta, going in the direction of the tracks of the defendant which cross Simpson street, just west of the point where Marietta street and Simpson street intersect. This crossing is a public crossing and there are twelve or more

tracks running parallel at this point. On the south side of Simpson street and adjacent to one of the main lines of track there was a small cabin which was occupied by watchmen when on duty at the crossing. At the time the plaintiff approached the crossing there was no watchman on duty there, but usually there was a watchman at this crossing. As plaintiff approached the crossing there were box-cars on the track nearest Marietta street, on both sides of the crossing. As he got past the first track from Marietta street on which the box-cars were standing, an outbound train, headed north, was passing over the crossing. When this train passed, the plaintiff proceeded across the track along which it had just passed and onto the next track, and was struck by an incoming train which was being operated over the defendant's tracks by the defendant's servants. As this train approached the crossing no bell was rung, no whistle blown, or other signal given. The train was traveling at a speed of from 25 to 30 miles an hour. This crossing was a much-used one, within the limits of the city. Because of the presence of the box-cars on each side of the crossing, a person entering upon the crossing from the Marietta street side could not see approaching trains until he got beyond the tracks on which the box-cars were standing. This condition rendered the crossing dangerous to persons who used it. When the plaintiff discovered the presence of the train it was so close to him and traveling so fast that it was impossible for him to get out of its way. Plaintiff sets up that the defendant was negligent, in that, notwithstanding the fact that the box-cars were standing on the tracks adjacent to the track on which the trains were being run, and notwithstanding the fact that the crossing was in a thickly populated section of the city and much used, the train which struck him approached the crossing at a high and reckless rate of speed, in that the engineer of the train failed to sound any warning of the approach of the train, and in that it failed to have on duty at the time a watchman to warn persons of the approach of trains. Plaintiff set up that he was in the exercise of ordinary care, and that the proximate cause of his injuries was the negligence of the defendant. The defendant demurred to the petition. The court sustained the demurrer, and the plaintiff excepted.

The case is controlled by the rulings stated in the headnotes.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*

JENKINS, P. J., concurring specially. I agree to the judgment, as I think the case is distinguishable from the holding made by this court in *Reed* v. *Southern Ry. Co.,* 37 *Ga. App.* 550 (3) (140 S. E. 921), delivered by the writer of this special concurrence and referred to by Judge Stephens in his dissent. As clearly pointed out by Judge Sutton in what he says in the motion for rehearing, the standing box-cars, which in the petition are alleged to have constituted an obstruction to the vision of the plaintiff in approaching the railroad-track, had already been passed by the plaintiff, and played no part in his failure to discover the approaching train by which he was injured. In this respect the case differs from the *Reed* case, referred to. I think also that the case is distinguishable from *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718), which was also delivered by the writer of this special concurrence, and in which it was stated that the "stop, look, and listen" rule is not of force in this State. As I see it, the plaintiff's petition in the instant case fails to set forth a cause of action, for the reason that under the particular facts and circumstances stated by his petition, the plaintiff in stepping out from behind the end of a moving train immediately onto another track beyond, and immediately in front of another train moving in the opposite direction, put himself in a position where he could not possibly protect himself, and where the defendant could not protect him against his own negligence. This, to my mind, is a very different situation from the ordinary case, where a person approaches a railroad-track and is injured by a passing train. As pointed out in the *Slaton* case, in such ordinary cases it is a question for the jury to say whose negligence constituted the proximate cause of the injury, and to pass upon the question of comparative negligence. In the instant case, however, it would appear that the plaintiff simply took a blind chance that a train would not be approaching on the further track when he stepped from behind the rear of the rumbling, passing train immediately in front of the approaching train on the other track, by which he was injured.

STEPHENS, J., dissenting. As alleged in the petition, the plaintiff was injured at a public railroad crossing where he had a right to be and assume that the defendant's train would be operated in accordance with the statutory requirements as to speed and the sounding of an alarm upon its approach to the crossing. His right

to be on the crossing was equal to that of the railroad company. As was stated by Judge Bleckley in *Central Railroad &c. Co.* v. *Smith,* 78 *Ga.* 694, 700 (3 S. E. 397), the plaintiff, being on a crossing where he had a right to be, was entitled to assume "that the whole world would be diligent in respect to him and his safety."

In *Bryson* v. *Southern Railway Co.,* 3 *Ga. App.* 407 (59 S. E. 1124), where the grant of a nonsuit was reversed, it appeared from the evidence that the plaintiff, after crossing behind a train which had passed, was injured by another train approaching on a parallel track, which he did not hear or see, although he could have seen it had he looked, it was held, in an opinion written by Judge Powell, that "it is not per se negligent for one not aware of the approach of the train to attempt to cross the track without stopping, looking, or listening." It was further stated in the opinion that the plaintiff "crossed the main line just behind the first train and just ahead of the second. His attention was directed toward this second train, and he stepped off the main-line track and on to a parallel side-track, six or eight feet further west, without looking up the side-track to the north. A train happened to be coming south on the side-track at a rapid rate of speed. This south-bound train struck him. He did not hear it blow the whistle or ring the bell. He did not see it till it struck him, but admitted that if he had turned his head north as he was about to step upon the side-track, he could have seen it. His excuse for not hearing the approach of the south-bound train was the noise the two other trains were making; and his excuse for not looking up the side-track was that he was watching the approach of the north-bound train on the main track. . . The rule that it is negligent per se for one who is about to cross a railway track to fail to stop, look, and listen is not recognized in this State. Whether, under all the circumstances, the plaintiff was guilty of such conduct as to defeat or diminish his recovery is a question for the jury. . . This is not a case where the plaintiff, seeing and knowing the danger, in manifest imprudence attempted to cross ahead of the train, as in the cases of" (then follow citations).

In *Reed* v. *Southern Railway Co.,* 37 *Ga. App.* 550 (3) (140 S. E. 921), in an opinion written by my colleague Judge Jenkins, after quoting with approval the holding cited above from *Bryson* v. *Southern Railway Co.,* it was stated that "such an attempt to

cross the track by one not aware of the approach of a train can not, as a matter of law, be said to constitute such contributory negligence as would bar a recovery."

The following cases sustain the proposition that a person going upon a railroad-track unaware of the approach of a train is not thereby as a matter of law guilty of negligence barring a recovery: *Richmond &c. Railroad* v. *Howard*, 79 *Ga.* 44 (3 S. E. 426); *R. & D. R. Co.* v. *Johnston*, 89 *Ga.* 560 (15 S. E. 908); *Metropolitan St. R. Co.* v. *Johnson*, 90 *Ga.* 500 (5) (16 S. E. 49); *Western & Atlantic Railroad Co.* v. *Ferguson*, 113 *Ga.* 708 (supra); *Bullard* v. *Southern Railway Co.*, 116 *Ga.* 644 (43 S. E. 39); *Macon Ry. &c. Co.* v. *Barnes*, 121 *Ga.* 443 (2) (49 S. E. 282); *A. & W. P. R. Co.* v. *Lovelace*, 121 *Ga.* 487 (2) (49 S. E. 607); *Wright* v. *W. & A. R. Co.*, 139 *Ga.* 343 (2) (77 S. E. 161); *Howard* v. *Savannah Electric Co.*, 140 *Ga.* 482 (79 S. E. 112); *Brown* v. *Savannah Electric Co.*, 46 *Ga. App.* 393 (167 S. E. 773). In *Richmond &c. Railroad* v. *Howard*, supra, the following request to charge was held to be error as excluding from the jury the determination as to whether the negligence of the plaintiff's husband in going upon the railroad track in front of an approaching train without looking barred a recovery: "'If you believe from the evidence that the dead man stepped on the track a few feet in front of the engine or tender, and that if he had looked before stepping on, he could have seen the engine in time not to step on the track, and that in thus stepping on the track he was not in the exercise of ordinary care, then the plaintiff can not recover, and it would be your duty to find for the defendant.'" Judge Bleckley, referring to this request, states that it "stakes the whole case upon a step; and while it refers to the jury the question as to whether the taking of that step was a deviation from ordinary care, it does not refer to the jury the question as to whether the observance of ordinary care would have enabled the stepper to avoid the consequences of the defendant's negligence. This step may have been chargeable to the deceased to reduce the damages as an act of contributory negligence; but the request did not limit it in any such manner; it extends it over the whole case and makes it the basis, or seeks to make it the basis, of defeating all recovery. Failure of the injured party in the use of ordinary care, by untimely stepping upon a railroad track at a public crossing, is no complete bar to the recovery of damages, unless,

by the use of ordinary care, the consequences due to the negligence of the other party could have been avoided, . . and whether they could or could not is a question for the jury." See *Thomas v. Gainesville &c. R. Co.,* 124 *Ga.* 748 (52 S. E. 801); *Williams v. Southern Railway,* 126 *Ga.* 710 (55 S. E. 948'); *Collum* v. *Georgia Railway &c. Co.,* 140 *Ga.* 573 (3) (79 S. E. 475); *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (118 S. E. 488); *Clements* v. *Georgia Railway Co.,* 41 *Ga. App.* 310 (152 S. E. 849).

It does not appear from the petition that the plaintiff failed to use his senses in going over the crossing. While it might be inferred that the plaintiff failed to look, it is nowhere alleged, and it can not be inferred, that he failed to listen. It is not incumbent on the plaintiff to allege care and lack of negligence on his part. *Georgia Railroad* v. *Stanley,* 38 *Ga. App.* 773, 776 (145 S. E. 530), and cit. It therefore can not be said as a matter of law that the plaintiff, in proceeding over the crossing and going upon the railroad track in front of the approaching train without looking or listening for the approach of the train, or in not seeing or hearing the approaching train, was guilty of negligence barring a recovery. As the petition alleges a violation of the crossing law by the defendant, and other acts of negligence, it is at least a question of fact whether, under an application of the rule of comparative negligence, any negligence of the plaintiff was such as would reduce the amount of recoverable damages.

There is a clear distinction between a state of facts which demands the conclusion as a matter of law that a person is guilty of negligence barring a recovery, and a state of facts which carries mental conviction as a matter of fact that a person is guilty of such negligence. Facts which to one mind might be conclusive as to negligence and proximate cause might not carry such conviction to another mind. Where certain facts reasonably authorize conflicting inferences, it does not follow as a matter of law that these facts constitute negligence proximately causing the injury merely because these same facts carry conviction as a matter of fact that they constitute negligence proximately causing the injury. Where the facts authorize conflicting inferences as to negligence and proximate cause, although conclusive of such as a matter of fact to one mind, the facts do not demand such inference as a matter of law. The inferences to be drawn therefrom are inferences of

fact only, and not inferences as a matter of law. As a juror I possibly would conclude that the plaintiff was negligent and that his negligence barred a recovery; but believing as I do that the facts reasonably authorize the inference that the conduct of the plaintiff, even if negligent, was not the sole proximate cause of the injury, I can not hold as a matter of law that the plaintiff's conduct was negligence barring a recovery. I am therefore of the opinion that the petition set out a cause of action, and that the court erred in dismissing the action on general demurrer.

## ON MOTION FOR REHEARING.

SUTTON, J. This case is clearly distinguishable from the cases of *Southern Ry. Co.* v. *Slaton*, 41 *Ga. App.* 759, *Central R. Co.* v. *Smith*, 78 *Ga.* 694, *Bryson* v. *Southern Ry. Co.*, 3 *Ga. App.* 307, *Reed* v. *Southern Ry. Co.* (supra), and similar cases. After the plaintiff had crossed the railroad track on which the box-cars were standing, and the north-bound train had passed over the crossing, there was nothing to prevent him from seeing the approaching south-bound train. Plaintiff distinctly alleged in his petition that "Because of the presence of said box-cars on each side of said crossing, a person entering upon said crossing from Marietta street could not see the approaching trains until such person had gotten beyond the tracks on which said box-cars were standing;" that "as petitioner got past the first track from Marietta street, on which said box-cars were standing, an outbound train headed in a northerly direction was passing over Simpson street at said point;" that "when said train had passed, petitioner proceeded across the track along which said train had just passed and onto the next track beyond;" and that "just as petitioner got upon said track he was struck by an incoming train traveling in a southerly direction." So it will be seen that it affirmatively appears from the petition that the plaintiff had passed the line of box-cars and that they had nothing to do with his injury. There was nothing in the petition to show why the plaintiff could not have seen the incoming train approaching from the north, before stepping onto the track on which it was approaching, had he looked. Plaintiff had passed beyond the line of box-cars, which he asserts obstructed his view, and had waited until the north-bound train had passed over the crossing and then stepped onto that track and onto the track on which the south-bound train was approaching. It would seem,

therefore, that the plaintiff used no discretion or care at all in entering upon the track on which the incoming train was approaching. "In the *Peeples* case the plaintiff was at a railroad crossing waiting for a passing train to go over the crossing, and his view of a train approaching on the track on which he was standing was unobstrhcted. In the *Cox* case [38 *Ga. App.* 88], the plaintiff, who was in full possession of her faculties of sight and hearing, walked upon a railroad-track while a train, within her sight and hearing, was approaching." *Cen. &c. Ry. Co.* v. *Hewell,* 42 *Ga. App.* 623 (157 S. E. 101). In *Hadaway* v. *So. Ry. Co.,* 41 *Ga. App.* 670 (154 S. E. 296), this court, referring to the *Peeples* case, said: "In that case the plaintiff stepped upon one track while a train was actually passing on another track immediately in front of him; in other words 'the crossing was blocked' by one train 'when the plaintiff approached it.' He thus stood upon the track till 'the train had cleared the crossing,' and was there struck by another train that approached in the meantime. Moreover, that case was decided on demurrer, whereas the instant case is here on the evidence, and, in dealing with questions of evidence, 'latitude is allowed for drawing reasonable inferences and deductions from the evidence to support the plaintiff's case; whereas on questions raised by demurrer, a petition is to be construed most strongly against the pleader.' *Central of Georgia Ry. Co.* v. *Tapley,* 145 *Ga.* 792 (3 *b*)." So, from the allegations of the petition in this case, it affirmatively appears that the plaintiff could have avoided the injury by the exercise of ordinary care.     *Rehearing denied.*