33703. ATLANTIC COAST LINE R. CO. *v*. GREEN.

DECIDED OCTOBER 4, 1951.

676

Joseph B. Cumming, for plaintiff in error.

C. Wesley Killebrew, contra.

FELTON, J. 1. In the trial of an action wherein the plaintiff sought recovery of damages for injuries alleged to be due to the negligence of a railroad company at a public crossing, where the evidence would have authorized a finding that the plaintiff could have avoided the alleged negligence of the railroad com-

pany by the exercise of ordinary care, it was error for the court to refuse to give in charge on request: "I charge you that if the plaintiff, by the exercise of ordinary care, could have avoided the consequences to himself caused by defendant's negligence, he is not entitled to recover," where in the general charge the nearest approach to the principle requested was an instruction to the effect that there was a duty upon the plaintiff to exercise ordinary care to avoid injury to himself from dangers he knew to exist, and that the plaintiff was further bound to use ordinary care to discover the approaching danger. Code, § 105-603, 94-703; *Horne* v. *Neill,* 70 *Ga. App.* 602 (29 S. E. 2d, 275); *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (7) (49 S. E. 818); *Central of Georgia Ry. Co.* v. *Cooley,* 44 *Ga. App.* 118 (1) (160 S. E. 812); *Savannah Elec. Co.* v. *Jackson,* 132 *Ga.* 559 (2) (64 S. E. 680); *Southern R. Co.* v. *Hogan,* 131 *Ga.* 157 (62 S. E. 64).

2. Error is assigned on the failure to give the following request to charge: "I charge you that a railroad track is a place of danger, and anyone who goes thereon is bound to know that he is going to a place of danger where he is subject to the dangers incident to the operation of trains upon the track. There was, therefore, a duty upon the plaintiff not only to exercise ordinary care to avoid injury to himself from dangers which he knew to exist, but, going into a place of danger, he was bound also to use that degree of care and caution which an ordinarily prudent person would exercise under similar circumstances to discover approaching danger, and thereafter avoid the same, and if you find that the plaintiff knew there was a railroad track which he was about to cross, it was then his duty to use his senses of sight and hearing in an ordinarily diligent manner to ascertain if a train was approaching the crossing, and if he failed to do so, and for that reason failed to know of the approaching train, and thereby put himself in a position of danger, from which he sustained the injuries complained of, then he is not entitled to recover, and if the plaintiff, by the exercise of such ordinary care, did ascertain the approach of the train but failed to exercise ordinary care in avoiding the collision, then he is not entitled to recover. And this is so even though you should find that the defendant was negligent in one or more

of the ways complained of in plaintiff's petition, for if such negligence of the defendant could have been avoided by the plaintiff by his exercise of ordinary care, as I have charged you, then he is not entitled to recover from the defendant for the damages sustained by him." It was not error to refuse to give the requested charge for the reason stated in *Southern Ry. Co. v. Reed,* 40 *Ga. App.* 332 (1) (149 S. E. 582).

3. Error is assigned on the failure by the court to give the following request to charge: "I charge you that, if you should find the plaintiff took a blind chance that the train would not be approaching on the track which he entered upon, and on which his automobile was struck, then he is not entitled to recover, even though you should find that the defendant was negligent in one of the ways alleged in the petition." This assignment of error is without merit. The evidence did not show as a matter of law that taking a blind chance was the sole cause of the injuries, nor that because of such a blind chance the railroad was powerless to prevent the injuries. The request also would have taken from the jury its right to compare the negligence of the plaintiff with that of the defendant if both were found to be negligent. See *Coleman v. W. & A. R. Co.,* 48 *Ga. App.* 343 (172 S. E. 577).

4. Error is assigned on the failure to give the following request to charge: "I charge you that, if the plaintiff entered upon the track in front of the train, but by reason of his negligence his automobile engine choked or stalled, or he was unable to operate it in the normal manner to proceed across the track, also by reason of his negligence in his operation of his automobile, then he is not entitled to recover even though the railroad was guilty of the negligence charged in the plaintiff's petition." It was not error to refuse the request for the reason, among others, that it would have deprived the jury of its right to compare the negligence of the plaintiff with that of the defendant, if it had found both negligent. Furthermore, there was no evidence that the choking of the vehicle, if any, was due to the negligence of the plaintiff.

5. Error is assigned on the following charge: "Gentlemen of the jury, there are certain statutes to which I would direct your attention as applicable in a case of this kind. I charge

you that in all cases where the person or property of an individual shall be injured, or such property destroyed, by the carelessness, negligence, or other improper conduct, of any railroad company, or officer, agent, or employee of said company, in or by the running of the cars or engines of the same, such company shall be liable to pay damages to anyone whose property or person may be so injured or destroyed, notwithstanding any by-laws, rules, and regulations, or notice which may be made, passed or given by such company, limiting its liability." It was error to give this charge. It is correct as. a principle of law, but might have confused the jury, as there were no issues in the case involving the effort by the defendant to limit its liability by rules, etc.

6. There is no merit in the assignment of error in ground 10 of the amended motion. The exception is to the following charge: "The plaintiff further alleges that the operation of the train at the time and place when certain box cars were placed in close proximity to the crossing and to the rack over which the train was being operated constituted negligence. It will be for you to determine whether that operation, at that time, under those circumstances, amounted to a failure to exercise ordinary care and diligence." The contention is that the evidence showed that the box cars were 150 yards from the crossing, and that referring to the distance as "in close proximity" was misleading to the jury. We think that the jury properly understood that the question before them presented by this part of the charge was whether placing the cars 150 yards from the crossing was negligence. There is no other exception to this part of the charge, so the question whether it was otherwise erroneous is not before us.

7. Error is assigned on the following charge: "Gentlemen of the jury, I charge you that the duty of a railroad company toward a person in an automobile and the duty of a person in an automobile toward the railroad company at a crossing are reciprocal duties, that is, each has a duty toward the other, and neither has the right of way over the other." The assignment of error is directed to the words, "and neither has the right of way over the other." There is no statutory provision as to who has the right of way at a railroad crossing, and so far as we

can find there has been no case decided which involved the question as here presented. Our conclusion is, that because of the various rules of law by which the duties, obligations, and liabilities of railroads and other parties at railroad crossings are determined, the effort to inject the question as to who had the right of way would not only tend to confuse the issues, but could possibly result in making it impossible if not difficult to apply the well settled rules in determining liability or non-liability. Facts authorizing a jury to find that a railroad had the right of way at a crossing under ordinary rules might also authorize a finding of liability against the railroad if both parties were guilty of negligence, and the plaintiff of a less degree than the railroad. Code § 94-506 requires the railroad to keep a constant and vigilant lookout and to otherwise exercise due care in approaching a public crossing, and as a result what might ordinarily be called the right of way of a railroad would be qualified by its exercise of too little care. In other words, whether it could be truly said that a railroad had such right of way as would absolve it from liability would depend on its freedom from negligence, so that, in the last analysis, the definition of right of way in such a case would be arrived at by the very rules by which liability is now determined. Therefore, the superimposing of the right of way issue upon the issue of liability or non-liability would be superfluous if not confusing. It would confuse evidentiary facts with ultimate facts. Whether the charge was harmful, it is not necessary to decide. The better practice, under the facts of this case, would be to omit the reference to the right of way question.

8. Assuming for the sake of argument that ground 12 of the amended motion is complete in itself sufficient to point out the specific error assigned, we think that it is without merit under the statement of counsel for the plaintiff in error that the charge was a correct principle of law when no good reason was urged why the charge excepted to did not apply to the situation described in the charge preceding the one complained of. The charge excepted to is as follows: "I charge you further that the existence of those circumstances will not relieve the agents and employees of the defendant from discharging the statutory duties placed upon them, which I have instructed

you with reference to a few minutes ago." This charge followed the instruction: "I charge you that, where an adult person in possession of his faculties approaches a railroad track and has a plain view of an approaching train, the employees engaged in the operation of the train have a right to assume, in the absence of anything to the contrary appearing, that such person will not enter upon the track in front of the approaching engine, or, in the event he should go upon the track, that he will proceed across the track and take such precautions as are necessary to prevent his being struck by the train, and the employees engaged in the operation of the train have the right to act upon this assumption. Therefore, if you find that the employees of the defendant railroad saw the plaintiff approaching the crossing in a manner and at a speed at which he could readily stop under normal circumstances, and he was apparently able to take care of himself, and the approaching engine was in full view of the plaintiff in time for him to see it and stop his car before going on the track in front of it, then the employees had the right to assume that he would stop his car and so avoid being struck by the train, and they had the right to act upon such assumption." There were no facts stated in the last excerpt which would relieve the railroad of its duty to comply with statutory requirements such as the fact that the plaintiff actually saw the train, etc.

The court erred in overruling the motion for a new trial for the reasons stated in divisions 1 and 5.

The general grounds are not passed on.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*