34016.   ANSLEY *v.* ATLANTIC COAST LINE R. CO. *et al.*

DECIDED MAY 6, 1952—REHEARING DENIED MAY 20, 1952.

*Randall Evans Jr.,* for plaintiffs in error.
*Stevens & Stevens,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Since the judgment of the trial court granting the motion for a new trial fails to designate upon which ground or grounds of the motion as amended the judgment is predicated, the special grounds of the amended motion for a new trial are first considered.

In special ground 1, complaint is made as to the charge to the effect that the plaintiff contended that "defendant has damaged

154

him in the sum of $10,000 for the value of his automobile, compensation for his personal injuries and as punitive damages", it being contended that punitive damages are not designed to compensate the plaintiff, but to deter the wrongdoer from repeating the trespass. Elsewhere in his charge the judge instructed the jury fully on the subject of punitive damages, and it is apparent, considering the charge as a whole, that the jury could not have been misled into believing they could award punitive damages merely as compensation for the loss.

■ While it is the better practice not to superimpose right-of-way questions on the issue of liability in cases of this kind (see *Atlantic Coast Line R. Co.* v. *Green,* 84 *Ga. App.* 674, 67 S. E. 2d, 184), the charge that neither the train nor the automobile "automatically had the right of way over the other" does not constitute harmful error. Ground 2 of the amended motion is without merit.

■ It was not error, as contended in special ground 3, to charge that failure of an engineer to slow down a train at a public crossing may amount to negligence, and that this was a question for the jury under the facts of the case. See *Georgia Northern Ry. Co.* v. *Rollins,* 62 *Ga. App.* 138 (8 S. E. 2d, 114); *Montgomery* v. *Southern Ry. Co.,* 78 *Ga. App.* 370 (1 b) (51 S. E. 2d, 66).

■ The charge that one approaching a railroad crossing is not *as a matter of law* negligent in running over the crossing unless he is aware of the approach of a train was correct, as held in *Callaway* v. *Cox,* 74 *Ga. App.* 555, 557 (40 S. E. 2d, 578); *Collier* v. *Pollard,* 60 *Ga. App.* 105 (2 S. E. 2d, 821). Nothing to the contrary is held in *Coleman* v. *Western & A. R.,* 48 *Ga. App.* 343 (4) (172 S. E. 577), which deals with negligence in fact. Special ground 4 is without error.

■ The excerpt from the charge, complained of in special ground 5, is to be found in *Hertz Drive-Ur-Self* v. *Benson,* 83 *Ga. App.* 866, 875 (65 S. E. 2d, 191), and is not erroneous. Had the defendant required a more detailed definition of proximate cause, request should have been made therefor.

■ The misstatements complained of in special grounds 6 and 7 were immediately clarified and corrected by the trial court in the sentences next following. The court will construe the charge

as a whole, and, it being evident therefrom that the jury was correctly informed as to the true law governing the issues, these grounds are without merit.

■ The 8th ground of the amended motion for a new trial complains "that the verdict and judgment in said case for $7500 was grossly excessive, and that there was no evidence whatsoever to authorize such verdict." This assignment of error "amounts to no more than an amplification of the general grounds that the verdict is contrary to the evidence, as it does not point out wherein or for what reason the verdict is excessive." *Bart* v. *Scheider*, 39 *Ga. App.* 467, 469 (147 S. E. 430) ; *Continental Aid Assn.* v. *Hand,* 22 *Ga. App.* 726 (97 S. E. 206) ; *Standard Oil Co.* v. *Parrish,* 40 *Ga. App.* 814 (6) (151 S. E. 541).

In a consideration of the general grounds, the discretion of the trial court in the first grant of a new trial will not be interfered with unless there is no evidence upon which the verdict is sustainable. However, the presumption of the legality of the grant of a new trial weakens upon each concurrent verdict. A second and third grant of a new trial should be more closely scrutinized, and the reviewing court must carefully investigate to determine if the discretion to grant a second or third new trial has been justly, wisely, and prudently exercised, for, while the trial judge may still exercise some discretion to set aside a second verdict in favor of the same party where the evidence is weak and unsatisfactory, or where it largely preponderates in favor of the losing party, he may no longer set aside the verdict merely because of conflicts in the evidence or because he considers the issue a close and doubtful one. *Scribner's Sons* v. *Mutual Building Co.,* 1 *Ga. App.* 527 (2) (58 S. E. 240) ; *Lewis* v. *Equitable Mortgage Co.,* 99 *Ga.* 336 (25 S. E. 728) ; *Veal* v. *Robinson,* 76 *Ga.* 838; *Dethrage* v. *City of Rome,* 125 *Ga.* 802 (54 S. E. 654) ; *Cook* v. *Western & Atlantic Railroad,* 72 *Ga.* 48; *Morgan* v. *Lamb,* 16 *Ga. App.* 484 (1) (85 S. E. 792) ; *Seaboard Air-Line Ry.* v. *Randolph,* 136 *Ga.* 505 (71 S. E. 887) ; *Taylor* v. *Central R. & Bkg. Co.,* 79 *Ga.* 330 (5 S. E. 114) ; *Davis* v. *Chaplin,* 102 *Ga.* 587 (27 S. E. 726) ; *Gay* v. *Parker,* 74 *Ga.* 407; *Christian* v. *Westbrook,* 75 *Ga.* 852; *Hazzard* v. *Mayor &c. of Savannah,* 74 *Ga.* 377; *Merchants & Miners Transp. Co.* v. *Corcoran,* 4 *Ga. App.* 654 (62 S. E. 130). If an error of law

is properly pointed out to the trial court, harmful to the movant, it is his duty to set aside the verdict.

The errors of law alleged to have been committed have been previously dealt with. As to the general grounds of the motion, there is no conflict in the evidence and the undisputed evidence in the case is to the effect that the defendant was guilty of negligence per se in exceeding the speed limit, because of which negligence, or at least partly because of which, he was unable to stop in time to avoid hitting the plaintiff. The sole issue is whether the undisputed evidence also shows that the plaintiff, who was familiar with the crossing, was so negligent in entering upon the tracks without stopping as to bar his recovery. If this is a question upon which reasonable minds might disagree, it is essentially one for determination by a jury, and three juries decided the issue in favor of the plaintiff. They might, from the evidence, have found that, had the train not been traveling at an excessive rate of speed there would have been time for the automobile to have crossed in safety at the speed at which it was traveling, and that the plaintiff, who was himself violating no law, had no duty to anticipate that others were violating the law, and that, when confronted with the emergency at the very instant he was entering upon the tracks, he did not have the opportunity to estimate properly the speed of the train as he might otherwise have done. We do not think that the evidence as a matter of law demanded a finding that the plaintiff's negligence was so great as to bar him from recovery. It appears from an examination of *Atlantic Coast Line R. Co.* v. *Ansley,* supra, that the evidence on this trial is substantially as it was on the second trial of the case, and there is no reason to assume that it will be greatly different on a fourth trial. In consequence, on the issue of the discretion of the trial judge in these circumstances to grant a new trial for the reason that the verdict is in his opinion unfair, unjust, contrary to the evidence, excessive, or too small, it would appear that, one of the prime objects of the law being that there shall be somehow and somewhere an end to litigation, the opinion in *Scribner's Sons* v. *Mutual Building Co.,* supra, as follows, is particularly applicable to this case: "Where two verdicts have been rendered in favor of the same party on substantially the same issues of fact, and

two new trials have been granted by the presiding judge, the rule of discretion applicable to the first grant of a new trial has no application; and, if the evidence on the last trial, although conflicting, supported the second verdict, it should not be set aside." As pointed out, there was no conflict in the evidence here, and the jury was fully authorized to find that the negligence of the defendant was comparatively greater than that of the plaintiff.

No error of law appearing, the trial court abused its discretion in granting the motion for a new trial as here complained of.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*