37092. JACKSON *v.* MOTORS INSURANCE CORPORATION.

Decided April 23, 1958—Rehearing denied May 26, 1958.

*O. Frank Brant,* for plaintiff in error.
*Anderson & Trapnell, Howard & Hunter,* contra.

Nichols, Judge. 1. At first glance it would appear that the plaintiff is excepting to the first grant of a new trial, which judgment would not be disturbed; however, upon an examination of the defendant's amended motion for new trial, which was approved by the trial court, it definitely appears that the trial on October 14, 1957 was the second trial of the case, and that the trial court had previously granted the defendant a new trial after

the plaintiff had refused to *write off* the penalty and attorney's fees found for him by the jury. Therefore, the exception is to the second grant of a new trial for the defendant.

2. In *Ansley* v. *A. C. L. R. Co.*, 86 *Ga. App.* 152, 155 (71 S. E. 2d 434), in considering the duty of the appellate courts in reviewing the grant of a second or third new trial to the same party, Judge Townsend said: "The reviewing court must carefully investigate to determine if the discretion to grant a second or third new trial has been justly, wisely, and prudently exercised, for, while the trial judge may still exercise some discretion to set aside a second verdict in favor of the same party where the evidence is weak and unsatisfactory, or where it largely preponderates in favor of the losing party, he may no longer set aside the verdict merely because of conflicts in the evidence or beause he considers the issue a close and doubtful one." See also cases cited therein.

The judgment of the trial court granting the defendant's motion for new trial, if the plaintiff failed to *write off* the penalty and attorney's fees, is not based on the theory that the verdict in the principal amount sued for was unauthorized but, on the contrary, it states that such portion of the verdict was supported by the evidence. No exception was taken to this part of the judgment and the same will not be considered in detail. Therefore, the controlling question for decision is whether under the evidence adduced on the *second* trial, the trial held on October 14, 1957, the penalty and attorney's fees awarded the plaintiff by the jury were authorized by the evidence.

In support of its contention that there was no, or insufficient, evidence to support these items of recovery, the defendant, in its amended motion for new trial, relies on alleged differences in the evidence adduced on the first trial and that adduced on the second trial, plus the fact that, without any prior notice being given it by the plaintiff, the plaintiff relied on a purported oral demand made to one of its employees who was not present at the trial, and presumably contends that, if it had had prior knowledge that the plaintiff was going to rely on such purported oral demand, it could have had this person available to testify that no such demand was made. There is no contention that the

testimony of this person is newly discovered evidence, but as shown above it appears that the contention of the defendant is that it was *surprised* by the plaintiff's evidence and did not expect to need the testimony of this person, that such person was approximately 65 miles away from the site of the trial when the evidence which he could have disputed was presented, and that, if it had known that the testimony given was to be presented, it could have had the person present to refute it. Accordingly, since this does not present any question for decision, the sole remaining question is still whether the evidence *adduced on the trial of the case* authorized the verdict for the plaintiff.

The plaintiff presented evidence that the fire loss occurred a day or two prior to August 29, 1956, that a proof of loss was filed on August 29, 1956, and that on September 29 or 30, 1956, an oral demand for payment was made on the defendant, and that the action was not filed until December 11, 1956. Therefore, the evidence met the first requisites of Code § 56-706. If the jury was authorized to find that the defendant's refusal to pay the plaintiff's claim was in bad faith then the trial court erred in rendering the judgment granting the defendant a second new trial should the plaintiff refuse to *write off* the penalty and attorney's fees. In cases where the evidence demands a finding that the insurance company did not act in bad faith in refusing to pay the claim, it is proper to *write off* that part of the verdict awarding a penalty and attorney's fees where the verdict is otherwise supported by the evidence. See *Continental Cas. Co.* v. *Owen,* 90 *Ga. App.* 200 (82 S. E. 2d 742); *Guarantee Trust Life Ins. Co.* v. *Hill,* 90 *Ga. App.* 287 (82 S. E. 2d 885).

The defendant contended on the trial of the case, and presented evidence to the effect, that it had attempted to settle the case, but because the plaintiff's demands were so excessive it was under a duty to resist them. The evidence on this point was in sharp conflict. The plaintiff testified that, shortly after he had filed his proof of loss, the adjuster for the defendant advised him that the defendant would pay him "not one cent," while the defendant presented evidence that it would have settled the claim for what would have amounted to 75 cents on the dollar of the loss as contended for by the plaintiff, and as found by the jury.

It cannot be said that the jury was not authorized to find that the amount purportedly offered by the defendant to settle the claim was so small as to constitute bad faith, if it believed that such amount was offered, since it was undisputed that the plaintiff was entitled to recover under the policy of insurance. At most the evidence on this point was conflicting.

Therefore, since it is generally a question for the jury as to whether an insurer's refusal to pay the claim due on an insurance policy is in bad faith (*New York Life Ins. Co.* v. *Williamson*, 53 *Ga. App.* 28, 184 S. E. 755, *Liberty Mutual Ins. Co.* v. *A. C. L. R. Co.*, 66 *Ga. App.* 826, 834, 19 S. E. 2d 377, *Metropolitan Life Ins. Co.* v. *Lathan*, 77 *Ga. App.* 6, 47 S. E. 2d 596, and *National Life &c. Ins. Co. Moore*, 86 *Ga. App.* 618, 72 S. E. 2d 141), the judgment of the trial court requiring the penalty and attorney's fees to be written off or a new trial granted must be reversed, this being the second grant of a new trial for the defendant on the same ground.

*Judgment reversed. Gardner, P. J., Carlisle and Quillian, JJ., concur. Felton, C. J., and Townsend, J., dissent.*

FELTON, Chief Judge, dissenting. The first new trial was granted in this case for the reason that there was no proof of a demand which could be the basis of a recovery of a penalty and attorney's fees. On the hearing of the motion for a new trial after the last trial, the trial judge approved the principal amount of the damage. His order as to damages and attorney's fee was to the effect (a) that there was a substantial and bona fide difference of opinion between the parties as to the true amount of the loss and that the company had a right to contest the amount (not the fact) of the plaintiff's claim, and (b) that there was no satisfactory evidence of any demand on the defendant after thirty days from the date of the fire. Nobody disputes his ruling on the principal damage. The difference of opinion of the parties as to the amount of damages was from $150 to $170, approximately. It is clear to me that the company had a legal right to contest the amount of the damages without penalty.

On direct examination the plaintiff testified that the proof of loss was filled in by an adjuster for the defendant and the proof filed on August 29th. The following questions and answers to

662

and by the plaintiff appear of record: "Q. He came out there and filed a proof of loss? What day was that? A. It was on the 29th of August. Q. The 29th of August? A. Yes, sir. I think it was now, the 29th of August." Honorable O. Frank Brant, attorney for the plaintiff, testified that he made a demand on a representative of the defendant on September 29, 1956, which he testified was exactly 30 days from the time the car was burned. However, Mr. Brant did not testify definitely that he made the demand on September 29th. He fixed the time by the date of a letter written to him by a representative of the defendant. The letter was dated September 27th. He was asked how he went by his letters to fix the date of demand as September 29th. His answer was that it was because it was a day after he received the letter and that he remembered the representative was in the witness's office the next day and that the letter was written on the 27th and *he must* have gotten it on the 28th. Furthermore, the attorney did not testify on the question of a demand on the first trial and the claim for damages and attorney's fees was not sustained because the proof failed to show that one was made 30 days after proof of loss was filed under policy provisions. It seems to me that the judge was exercising a proper and permissible discretion in granting a new trial. The plaintiff was uncertain as to when the proof of loss was filed and his attorney did not testify positively that the demand was made on the 29th of September. The proof on the question of demand was not the same as on the former trial and whatever reason in general there is for decreasing the latitude of a judge's discretion on a second motion for a new trial the reason is not present here and the facts put it in the same category as the first grant of a new trial.

*Townsend, J., concurs in the dissent.*